JOHN H. LONG v. ROBERT B. MAYES ET AL.

[48 South. 523.]

1. WILLS. *Construction. Priorities of right.*

    Where a will charged testator's estate with the support of his widow, one son and two daughters during the lives of the widow and son and celibacy of the daughters, but provided that after the widow's death, and when the number of those to be supported should not exceed two, if the condition of the estate and the objects to be secured would justify it without trenching on the support of the party or parties entitled thereto, the property should be divided among all of testator's surviving children or their descendants, and on the death of the last survivor of those entitled to support a further division should be made, the right · to a preliminary partition was subordinate to the claim for main-

tenance and could not be granted if the income from the estate
was only sufficient to pay it and preserve the property.

2. SAME. *"Home."*

A provision in a will that beneficiaries shall be provided with a
home, includes everything necessary to maintain the home, such
as paying taxes and keeping it in proper repair, but not living
expenses involved in the purchasing of supplies.

3. SAME. *Allowance to beneficiaries.*

Whether a sum allowed by the court for support of beneficiaries
can be increased or diminished, or ought to be, and when a di-
vision of the property can be made under the will, being matters
for future consideration, an order fixing the allowance for the
beneficiaries' support is properly made subject to future modifi-
cation.

FROM the chancery court of Copiah county.

HON. G. GARLAND LYELL, Chancellor.

Robert B. Mayes, son of the testator, one of the appellees
and cross-appellant, was complainant in the court below; the
other legatees and devisees (Long, appellant, being the guard-
ian *ad litem* for the infants) were defendants there. The ob-
ject of the proceedings was to obtain a judicial construction of
the last will and testament of the late Herman B. Mayes, de-
ceased.

From a decree, quoted in full in the opinion of the court, the
infant defendants, by Long their guardian *ad litem,* appealed
to the supreme court, the adult defendants not joining therein,
and Robert B. Mayes, complainant, prosecuted a cross-appeal.

The facts are fully stated in the opinion of the court.

*Robert B. Ricketts,* for appellants.

There is no dispute about the facts in this case nor is there
any contest over the action of the court below in making the
decree which subjected the lands, the title to which was held by
the petitioner as trustee, to the provisions of the will of the de-
cedent, the former owner of them. In fact the petition con-
tains a full statement of the facts of the case.

Oral testimony was taken on the trial of the cause and the sole point upon which there was conflict of testimony was as to the amount necessary and proper to be set apart out of the income from the estate for the support of William W. Mayes and Miss Alice Mayes. It is respectfully submitted to the court that upon the undisputed facts of this case and upon the showing made as to the probable net income from the estate it was error for the court below to impose upon the estate such large payments to these beneficiaries. It would seem that under the present circumstances, at least, with both of the beneficiaries making the same place their home and with the income for both of them subject, as to expenditure, to the direction of one beneficiary the sum of $125.00 per month is rather a large support for two people. It will be noted that under section four of the decree the trustee of the estate is also directed to provide a home for the two beneficiaries, not charging the necessary expense of maintaining such home against them or deducting it from their income. It is, therefore, urged that the provisions made for the two beneficiaries is excessive and is not justified by the directions for their support as the same appear in *Item Two* and *Item Three* of the will. A construction by this court of these items of the will is desired for the reason that the shares of the infants, represented by Long, in the final distribution of the estate might be greatly reduced by following out the directions of the fourth section of the decree.

Since the rights of infants are involved and since the rules established by the action of this court may have to stand for many years for the guidance of the trustee it is desired that the facts of this cause be set out in connection with the opinion of this court.

*Harris & Willing,* for appellees.

The title to a considerable portion of the property belonging to the estate of Herman B. Mayes, deceased, had become vested in Robert B. Mayes, who at all times held it in trust for the es-

tate, and subordinate to the provisions of his father's will, he faithfully accounting to the estate for the proceeds of everything that came into his hands, without charging anything for his services in connection therewith.

In the petition for the construction of the will, filed by Robert B. Mayes, the facts were substantially set out.

The object of Robert B. Mayes in filling the petition was to carry out the exact provisions of his father's will by revesting the title in the trustee, and to have judicially declared what would be a comfortable support for the surviving beneficiaries in the will and to have the will of his father judicially interpreted.

It is perfectly manifest that the testator charged his entire estate with the comfortable support and maintenance of the beneficiaries mentioned therein, and that was the paramount purpose of the testator. In item two of the will, it is provided that the property and estate devised and bequeathed stand charged, as well as the body of the income thereof, permanently, with whatever sum might be necessary for the comfortable support and maintenance of the beneficiaries named therein, and to remain thus charged to the measure and extent of such comfortable support and maintenance for them and each of them and the survivors of them. It is true that the number of beneficiaries has been reduced by the death of Mrs. Charity Mayes and the marriage of Miss Mary Jane Mayes; but it is perfectly manifest from the testimony that the condition of the estate, and the objects declared in the second item of the will, will not justify any division of the property now on hand, without trenching on the comfortable support and maintenance of the surviving beneficiaries. Item third of the will expressly provided as follows:

"It being my will to postpone any division of my estate, until the objects set forth in said item two of this will shall have been secured."

The court below did not err in fixing the amount decreed for

the annual support of the beneficiaries.    It is manifest from the testimony that seventy-five dollars a month for Miss Alice Mayes and fifty dollars a month for William W. Mayes is necessary for their comfortable support and maintenance.    These sums are not unnecessarily large, and do not place too heavy a charge upon the estate.    By prudent management, the estate can be made to yield no more than enough to pay taxes, fixed charges, and these sums.

A young lady who moves in the circles in which Miss Alice Mayes lives cannot live in comfort on less than seventy-five dollars a month, nor can William W. Mayes live in comfort on less than fifty dollars a month.    As testified to by Robert B. Mayes, the amounts fixed by the chancellor for the support of the beneficiaries are the very least amounts on which they can live in comfort.

The court below, however, erred in making the annual allowances for the beneficiaries subject to future modification.    The amounts ought to have been fixed definitely, for all time to come, so as to prevent any future uncertainty or confusion in the administration of the estate.

*R. B. Mayes,* appellee and cross-appellant, *in propria persona.*

Since I appear in this case as one of the litigating parties, I deem it just to myself to say to the court that I have no personal interest therein. The estate I represent has been so complicated that I felt it necessary that some action should be taken in order that the complication might be cleared up while living witnesses knew all the facts.    In a certain sense, and only since the complication arose, I have acted as quasi trustee, simply trying to guide the estate so as to effectuate and make certain that the terms of the will of my father should be carried out as he intended when he made it.

WHITFIELD, C. J., delivered the opinion of the court.

The petition in this case is as follows:

"This, the petition of Robert B. Mayes, this day exhibited against John B. Mayes, executor of the last will and testament of Herman B. Mayes, deceased, John B. Mayes personally, Jos. D. Mayes, Wm. W. Mayes, Alice Mayes, Mrs. Cynthia A. Ware, Mrs. Mary Jane Decell, Mary E. Cook, Nora Belle Cook, and Carrie Cook, would respectfully state and show to the court as follows:

"(1) That the said defendants John B. Mayes, Jos. D. Mayes, Wm. W. Mayes, Alice Mayes, Mrs. Mary Jane Decell, Mary E. Cook, Nora Belle Cook, and Carrie Cook are all resident citizens of the county of Copiah, state of Mississippi, and that defendant Mrs. Cynthia A. Ware is a resident citizen of the county of Hinds, state of Mississippi. That defendants Nora Belle Cook and Carrie Cook are minors, that their parents are dead, and that they have no legal guardian.

"(2) That your petitioner and defendants, except Mary Cook, Nora Belle Cook, and Carrie Cook, are children of the late Herman B. Mayes, who departed this life in the county of Copiah, state of Mississippi, on the 6th day of June, 1891, and that the defendants Mary Cook, Nora Belle Cook, and Carrie Cook are the grandchildren of the said Herman B. Mayes deceased, they being the children and sole surviving heirs of Mrs. Emma Cook, a daughter of the said Herman B. Mayes, deceased; the said Emma Cook having departed this life, intestate, on the 10th day of June, 1900. That your petitioner and said defendants are all the surviving heirs at law of the said Herman B. Mayes, deceased.

"(3) That the said Herman B. Mayes, deceased, left a last will and testament, which was duly admitted to probate on the 10th day of January, 1891, and the said John B. Mayes, the executor and trustee named in said last will and testament, qualified as such executor and trustee and entered upon the discharge of his duties as said executor and trustee of the estate of the said Herman B. Mayes, deceased. That said will is on file

among the papers in the above-styled cause, but for more ready reference your petitioner files herewith a copy of said will, marked as 'Exhibit B' to this petition.

"(4) That said Herman B. Mayes, during his lifetime, indorsed a note in favor of the First National Bank of the city of Jackson, Miss., as surety for the said John B. Mayes, for a large sum of money, which sum was afterwards reduced by payment by the said John B. Mayes until there was due a balance of about $1,525. That the First National Bank brought suit at law on said note against the said John B. Mayes, personally and as executor of the estate of the said Herman B. Mayes, deceased, and a judgment was rendered against them in the sum of $1525. That afterwards, to wit, some time during the year 1896, a petition was filed in the chancery court of Copiah county by the said First National Bank against the said John B. Mayes, executor of the estate of Herman B. Mayes, deceased, and against all the heirs at law of the said Herman B. Mayes, deceased, praying for a sale of the lands belonging to the estate of the said Herman B. Mayes, deceased, for the payment of said judgment held by said First National Bank. That by consent of all the parties to said petition a decree was rendered on the 10th day of August, 1896, by the chancellor in vacation, ordering that the following described lands be sold to pay said debt, to wit: All of section 34 except W. ¼ of N. W. ¼ and W. ½ of W. ½, section 35, township 10, range 7 E., and N. ½ of N. W. ¼, section 2, and N. ½ of N. ½ and S. W. ¼ of N. W. ¼, section 3, township 9, range 7 E., containing 1,000 acres, more or less; also lots twelve (12) and thirteen (13), in square 33, in the town of Hazlehurst, Miss.; also lots nine (9), ten (10), and eleven (11), in square 33, in the town of Hazlehurst, Miss., excepting, however, the lot owned by J. S. Sexton in said square 33— Geo. B. Nelson having been duly appointed commissioner to make said sale. That said lands were sold by the said Geo. B. Nelson, commissioner, and on the 11th day of December, 1896, by decree of the chancery court of the county of Copiah afore-

said, all the parties to the petition aforesaid consenting thereto, the sale of said lands was confirmed, and the said commissioner was ordered to execute a deed conveying the same to Mrs. Charity Mayes, who was the wife of the said Herman B. Mayes, deceased, and the mother and grandmother respectively of your petitioner and the defendant herein, and in obedience to the decree of said court the said Geo. B. Nelson, commissioner, in consideration of the sum of $1,525, executed and delivered a deed conveying said lands to the said Mrs. Charity Mayes, which said deed was duly recorded in Book WW, page 138, of the Records of Deeds of said county of Copiah.

"(5) That on the 4th day of June, 1896, the said Mary J. Decell, then Mayes, the said John B. Mayes, Mrs. Cynthia A. Ware, Mrs. Emma Cook, Jos. D. Mayes, Wm. W. Mayes, and your petitioner, Robert B. Mayes, executed a deed wherein they conveyed to the said Mrs. Charity Mayes the lands aforesaid for the expressed consideration of $100, which deed was duly recorded in Book VV, page 417, of the Records of Deeds of the county of Copiah.

"(6) That the said Mrs. Charity Mayes, in order to settle the amount of her bid and pay the amount owing by the estate to the said First National Bank, to wit, the sum of $1,525, negotiated a loan with the British-American Mortgage Company, Limited, in the sum of $3,000, and to secure said loan a deed of trust was executed by her and the said John B. Mayes, in which said deed of trust the lands aforesaid were conveyed to Francis B. Hoffman, trustee for the British-American Mortgage Company, Limited; said deed of trust being of date 2nd day of September, 1889, and recorded in Book 59, page 19, of the Records of Deeds of said county of Copiah. That from the proceeds of said loan the amount aforesaid, owing by the estate of the said Herman B. Mayes, deceased, to the First National Bank, was paid, and the balance of said loan was paid over to and used by the said John B. Mayes individually.

"(7) Your petitioner further states that on the 30th day of November, 1904, there was then due and owing on account of

the indebtedness in favor of the British-American Mortgage Company, Limited, aforesaid, the sum of $2,500, and in order to pay said indebtedness the said Mrs. Charity Mayes and John B. Mayes negotiated a loan with the Merchants' & Planters' Bank, of the town of Hazlehurst, Miss., and to secure said loan executed a deed of trust to F. W. Ellis, trustee for said bank, on said date, wherein was conveyed to said F. W. Ellis, trustee for said Merchants' and Planters' Bank, the lands aforesaid, which deed of trust was duly recorded in Book 71, page 245, of the Records of Deeds of said county of Copiah; and your petitioner states that there is now due and owing to said Merchants' & Planters' Bank on account of said deed of trust the sum of $2,500, with interest thereon from November 30, 1906, up to the present time, which is a valid and subsisting lien on said lands, inasmuch as the said Merchants' & Planters' Bank was a *bona fide* incumbrancer for value; and your petitioner says that the lien of the said Merchants' & Planters' Bank is in no wise intended to be attacked by him in this petition.

"(8) Your petitioner further states that on the 15th day of February, 1905, the said Mrs. Charity Mayes executed a deed in which she conveyed to your petitioner the lands aforesaid, which said deed was duly recorded in Deed Book 3G, page 108, of the Records of Deeds of said county of Copiah, a certified copy of which said deed is filed herewith, marked 'Exhibit C,' and prayed to be taken as a part of this petition.

"(9) That the said Mrs. Charity Mayes departed this life on the 19th day of December, 1906, intestate, leaving surviving her as her heirs at law your petitioner and the defendants herein.

"(10) Your petitioner says that it was never the purpose or intention of the said Mrs. Charity Mayes, in obtaining the legal title to said lands, to subvert the will of her husband, the said Herman B. Mayes, but that she held the title to said lands at all times in trust for the benefit of the estate of the said Herman B. Mayes, deceased, and during her lifetime the said John B. Mayes, as executor of the estate of the said Herman B. Mayes,

deceased, continued to exercise exclusive management and control over said lands, just as he did over the other property, real and personal, belonging to said estate. That the purpose of the said Mrs. Charity Mayes in obtaining the legal title was in order to raise money to pay the debt owing by the estate to the First National Bank as aforesaid.

"(11) That, while the legal title to said lands was conveyed by the said Mrs. Charity Mayes to your petitioner, it was conveyed by her with the distinct understanding that the said lands should be held in trust by the said Robert B. Mayes for the estate of the said Herman B. Mayes, deceased, and that upon the liquidation of all debts due by said Mrs. Charity Mayes to the Merchants' & Planters' Bank, secured by the deed of trust aforesaid, the said lands were to be reconveyed by the said Robert B. Mayes to said estate, it being the intention of the said Mrs. Charity Mayes in her lifetime, at all times, and of your petitioner, to have the *status quo* restored, and the will of the late Herman B. Mayes, deceased, carried out as written; and ever since the death of the said Herman B. Mayes, notwithstanding the fact that the legal title passed out of the estate, said estate has been administered, managed, and controlled by the said John B. Mayes under the terms of the said will, and is now being so managed and controlled by the said John B. Mayes as executor and trustee under said will.

"(12) That on the 24th day of September, 1906, the said Mary J. Mayes, named as one of the devisees in item second of said will, intermarried with one John S. Decell, and according to the provisions of item second of said will, upon her marriage, her right to a comfortable support and maintenance out of said estate ceased.

"(13) That by reason of the death of the said Mrs. Charity Mayes and the marriage of the said Mary J. Mayes the devisees entitled to take under item second of said will have been reduced to two, to wit, defendants Alice Mayes and Wm. W. Mayes.

"(14) That under and by virtue of the power conferred upon said John B. Mayes, executor, in item sixth of said will, the said John B. Mayes, after taking possession of said estate, sold small, scattered tracts of land belonging to the estate, and with the proceeds from said sales he from time to time improved the farm lands described in the deed aforesaid, 'Exhibit C,' which for brevity will hereafter be called the 'Browns Wells Plantation.' That he cleared land and built fences and numerous cabins on said Browns Wells Plantation, until the same is now in a high state of cultivation and capable of producing considerable revenue to said estate. That by virtue of the sales aforesaid the estate of the said Herman B. Mayes, deceased, now consists almost entirely of said Browns Wells Plantation and real estate owned by said estate in the town of Hazlehurst, consisting of the family residence and an office and a small residence which said office and small residence are now being rented for the sum of $15 per month. That the Browns Wells Plantation aforesaid, properly managed, ought to bring in a good revenue to the estate.

"(15) Your petitioner states that he has now in his possession, on deposit in the Merchants' & Planters' Bank, in the town of Hazlehurst, a small sum of money, being the sum turned over to him by John B. Mayes on account of the sale of certain real estate which the said John B. Mayes had sold as executor of said estate, under the power conferred upon him in item sixth of said will. Your petitioner says that in his opinion a reasonable amount ought to be set aside out of the said money now on hand for the comfortable support and maintenance of the said Alice Mayes and Wm. W. Mayes, during the year 1908, and that the balance remaining should be applied to the indebtedness to the Merchants' & Planters' Bank, secured by the deed of trust aforesaid.

"(16) Your petitioner states that although the legal title has been in him since the execution of the deed, 'Exhibit C,' he has not derived one cent of revenue therefrom, but that he has held

said lands in trust for the benefit of said estate, and subordinate to the provisions of the last will and testament of his father, the said Herman B. Mayes, deceased; and he files this petition for the purpose of surrendering the trust and reinvesting the estate of the said Herman B. Mayes, deceased, with the legal title to said lands, in order that the provisions of the said last will and testament may be strictly carried out; and he asks the court to cancel the deed held by him, subject to the deed of trust held by the Merchants' & Planters' Bank aforesaid, the money secured in said deed of trust having been advanced by the said Merchants' & Planters' Bank in good faith and without knowledge of any trust.

"(17) Your petitioner states that, according to the provision of item second of the said last will and testament, it was the intention of the testator to provide a comfortable support and maintenance for defendants Alice Mayes and Wm. W. Mayes for and during the term of their lives, and that it was further provided in item third of said will that after the death of the said Mrs. Charity Mayes, when the number of those provided for in the second item of the will should be reduced to two by reason of death or by marriage of any of said daughters, and the condition of the estate and the object secured in said item second would justify, the executor should make such division of the property then on hand as might be just and practicable, not trenching on the support of those remaining of the persons mentioned in said second item. Your petitioner says that, while the number of devisees entitled to claim the bounty of the testator under said second item of the will has been reduced to two by death and marriage, yet nevertheless the condition of the estate does not justify any division among the rest of the heirs at the present time; but your petitioner says that, after the payment of debts, taxes, expenses, and the comfortable support and maintenance for the remaining devisees in said item second, there will be little, if any, revenue left from said estate; and your petitioner says that it would best subserve the interests of

all parties for the estate to be kept together during the lives of the said Alice Mayes and Wm. W. Mayes, and any net revenue that may be derived therefrom could be divided among the rest of the heirs of said estate.

"(18) Your petitioner further says that he is desirous of having the terms of said will interpreted, and he says that it is to the interest of all parties that an amount necessary for the comfortable support and maintenance of the said Alice Mayes and Wm. W. Mayes, taking into consideration their rank and station in life, should be fixed by the court.

"The premises considered, your petitioner prays that the defendants may be summoned by proper process to make answer to this petition, and that on the hearing of said petition the court may interpret said will, and by decree declare what shall be a comfortable support and maintenance yearly, each, for the said Alice Mayes and Wm. W. Mayes, and that when said sum shall be so ascertained the executor of the estate be ordered to pay each of them said amount yearly, and that if any surplus may remain after the payment of said sum for their support and maintenance, and after the payment of costs of administration, taxes, and other charges, and debts against the estate, such surplus be divided among the heirs of said estate, and that the deed, 'Exhibit C,' now held by your petitioner, may be cancelled, and that the title to the lands described therein may be decreed to be in the estate of the said Herman B. Mayes, deceased, subject to the rights of the said Merchants' & Planters' Bank, of Hazlehurst, Miss., and that the court may direct your petitioner what disposition to make of the money now in his hands, belonging to the estate as aforesaid. And, if mistaken in the relief prayed for, then your petitioner prays such other, further, and general relief as he may be entitled to in the premises, and as to the court may seem meet and proper. And as in duty bound your petitioner will ever pray, etc. Signed on this 20th December, 1907.                ROBERT B. MAYES."

The testimony taken in the case shows every averment or fact

in this petition to be true as alleged. The will of Herman B. Mayes, "Exhibit B" to the petition, is as follows:

"The State of Mississippi, Copiah County.

"I, Herman B. Mayes, of the said county and state, being of lawful age and of sound and disposing mind, do make and publish this my last will and testament, revoking all others. .

"Item First. I direct that my just debts be paid by my executor, hereinafter named, out of my estate.

"Item Second. My will is that after the payment of my just debts the whole of my property remaining, real and personal, of every kind, be kept together undivided until hereinafter provided, under the control, management and direction of my executor, as such and as a trustee, to whom I hereby devise and bequeath the same, in trust, nevertheless, in the manner and for the purpose as follows, to wit: The property and estate so devised and bequeathed to stand charged, as well the body as the income thereof, primarily with whatever sum or sums necessary for the comfortable support and maintenance of my beloved wife, Charity Mayes, and my daughters Mary Jane and Alice and my son William, for and during the term of their lives, and to remain thus charged to the measure and extent of such comfortable support and maintenance and the measure of the estate for them and each of them and the survivor of them.

"Item Third. It is my will that after the death of my said wife when the number of those provided for in the second item hereof shall be reduced to two or less by death, or by marriage of my said daughters or either of them, and the condition of my estate and the objects secured in the said second item will justify, my executor shall make such division of the property then on hand, not trenching on the support of those remaining of the persons mentioned in the said second item, as may be just and practicable, dividing according to the law of distributions, giving equal shares to my surviving children and to the descendants of a deceased child the parent's share; and on the death of the last survivor of those mentioned in the second item, a com-

plète or further division shall be made, it being my will to postpone a division of my estate until the objects set forth in said second item of this will shall have been secured.

"Item Fourth. It is my will that upon the marriage of one or both of my daughters mentioned in the said second item, that the provision for her support shall cease, and such daughter shall thereafter only be entitled to her share of the estate as may fall to her on a division thereof as hereinbefore provided.

"Item Fifth. It is my will that my beloved wife shall possess and enjoy the use of the dwelling house in which I now reside in Hazlehurst, for and during her life for herself as a home, and as a home for such of the children mentioned in said second item as may choose to remain with her, as a right in her and them; and should it be found necessary or expedient, my said wife shall be provided in any event out of my estate with a home during her life.

"Item Sixth. I appoint my son, John B. Mayes, executor of this my will and trustee for the objects herein declared, and empower and direct him in providing for my debts, to dispose of such property for that purpose as may not be yielding increase by interest, rents, or other issues, giving him power without application to any court, to sell such property for such purpose at public or private sale; and I hereby empower him, for the general objects herein declared and to the end of increasing and making more certain the income from my estate, to improve the property, to lease and sell the same at public or private sale, for reinvestment for the purposes of this my will, without application to any court, having confidence in his judgment and integrity and intending to give him ample power of management and control and direction of my estate, in order the more effectually to secure objects set forth in the provisions of this my well.

"And lastly it is my will and desire that no bond shall be required of him for the faithful performance of his trust."

Process was duly served on all the defendants, and decree pro

*confesso* was had against defendants John B. Mayes, individually and as executor and trustee of the estate of Herman B. Mayes, deceased, William W. Mayes, Alice Mayes, Mrs. Cynthia A. Ware, Mrs. Mary Jane Decell, Mary E. Cook, and Joseph D. Mayes. A guardian *ad litem* was duly appointed for the infants, on whom process had been duly executed personally, and the cause proceeded to final hearing upon the petition, and upon process waivers, pleadings, and proof taken in open court, and the cause was taken under advisement for decision in vacation on October 12, 1908. On November 2, 1908, the chancellor entered his final decree, which is as follows:

"Estate of Herman B. Mayes, Deceased.

"John B. Mayes, Executor.

"In the Chancery Court of Copiah County, State of Mississippi.

"On Petition of Robert B. Mayes for Construction of Will, etc.

"This cause coming on for hearing on petition of Robert B. Mayes, for the construction of the will of Herman B. Mayes, deceased, etc., and decree *pro confesso* and proofs submitted at the hearing, oral and record, and it appearing to the court that a decree *pro confesso* has been heretofore rendered against all the adult defendants named in said petition, it fully appearing that all the adult defendants had either been served with summons or had waived same, and that the minor defendant's, to wit, Nora Belle Cook and Carrie Cook, having neither father nor mother living, nor legal guardian, have been duly and legally summoned, the court, having heard all the testimony and being fully advised in the premises, doth find and decree as follows, viz.:

"(1) That in compliance with the prayer of petitioner, the said Robert B. Mayes, it is ordered that the deed executed in his favor on the 5th day of February, 1905, by the late Mrs. Charity Mayes, recorded in Deed Book 3G, page 108, of the Records of Deeds of Copiah county, being 'Exhibit C' to the petition, be and the same is hereby ordered to be canceled by the clerk of this court, and the legal title to all the lands described in said

deed is hereby declared to be reinvested in the executor and trustee named in the last will and testament of the said Herman B. Mayes, deceased, in trust for said estate, and subject to all the provisions in said last will and testament contained, and impressed with all the trusts in said last will and testament declared, and Robert B. Mayes is hereby directed and required to execute deed reconveying all property deeded to him by Mrs. Charity Mayes to the trustee of the Herman B. Mayes' estate for the purposes named in the last will and testament of the said Herman B. Mayes. And it is further ordered and directed that all the deeds heretofore made to Mrs. Charity Mayes, for any purpose, by any party or person, be and the same are hereby ordered to be canceled by the clerk of this court, and the property is hereby declared to be the property of the Herman B. Mayes estate, and the will of the said Herman B. Mayes is hereby in all respects reinstated and declared to be the true title and source of power to deal with the estate; it being manifest from the testimony that Mrs. Charity Mayes never claimed any of said property, except in subservience to the will, and never paid any actual money for same.

"(2) It appearing that the said Robert B. Mayes has at all times held said lands in trust for said estate, and under the terms of said last will and testament, and that he has made no profit on said estate, but has faithfully administered the same in strict accordance with the terms of said last will and testament, and that he has faithfully accounted for so much of said estate as has been handled by him, it is ordered and declared that he be discharged from any further liability on account thereof.

"(3) It appearing that the corpus as well as the income of the estate is charged with the comfortable support of such of the beneficiaries named in item 2 of the will as now have the right to claim it, and that the objects of the bounty of the said testator named in item 2 of said last will and testament have been reduced, by the death of the said Mrs. Charity Mayes and by the marriage of Miss Mary Jane Mayes, to two, namely Alice

Mayes and William W. Mayes; and it further appearing to the
court that the conditions of the said estate and the objects de-
clared in said second item of said last will and testament will
not justify a division of said estate, and that a sale or partition
in kind of any portion of said estate would seriously jeopardize
the comfortable support and maintenance of the said Alice
Mayes and the said William W. Mayes, and thus defeat the
manifest and paramount intent of said testator, it is therefore
ordered that the said estate be kept intact, in order to accom-
plish the main purpose of the will, and that none of said estate
be sold for a division or partition in kind.

"(4) It appearing further from the testimony that the sum
of nine hundred dollars ($900) per annum is necessary for
the comfortable support and maintenance of the said Alice
Mayes, in accordance with her rank and station in life and
the manifest purpose and intent of the said testator, it is or-
dered that the executor and trustee of said estate pay over to
the said Alice Mayes out of the net ncome of said estate, for
her yearly support and maintenance, said sum of nine hun-
dred dollars ($900); and it appearing further from the evi-
dence that the sum of six hundred dollars (600) per annum
is necessary for the comfortable support and maintenance
of the said William Mayes, therefore, until further directed
by the court, it is ordered that the said executor and trustee
expend said above amounts annually on said William W.
Mayes and Alice Mayes, said sums to be expended under the
direction of said Robert B. Mayes, if the beneficiaries named
consent thereto, and to remain as the fixed annual allowance of
each of the two beneficiaries named, subject to future modifica-
tions by the court if there shall arise such necessity, and the
trustee shall maintain in good repair a home for the two bene-
ficiaries herein named, to wit, Alice and William W. Mayes, and
the cost of keeping up the said home, excluding the cost of pro-
visioning same, shall be borne by the trustee and not deducted
out of annual allowance of Alice and William W. Mayes, and it

shall also be the duty of the trustee to pay all taxes and insurance on said home. It further appearing that William W. Mayes is now living in the house with Alice Mayes, and a home being maintained for him, it is ordered that the sums herein allowed be deposited in the name of Alice Mayes, and subject to her check alone, under the supervision and direction of Robert B. Mayes, as long as the beneficiaries consent thereto. So long as the home is maintained as now, all money shall be subject to the check of Alice Mayes; but, in the event of the breaking up of the home, then the amount allowed to William W. Mayes is to be spent under the direction of Robert B. Mayes, if the said William W. Mayes shall consent thereto. Nothing in this decree is to be construed as limiting the right of the beneficiaries to resort to the corpus of the estate for a comfortable support if the estate cannot be made to yield it as an income, nor as limiting the beneficiaries now living and named in item 2 to mere necessaries; but they are to be comfortably supported in a home of their own if they so desire, or in such other way as may best suit their wishes, commensurate with the estate and purpose of the will, but there shall be no trenching on the corpus of the estate unless absolutely necessary. In the event that in the future there should not be enough net income from said estate to realize said amounts for the support of said Alice Mayes and the said William W. Mayes, it is further ordered that the said net income be divided between said devisees proportionately to the amounts named for their support, if said Alice Mayes shall not then be maintaining a home for said William W. Mayes; but, if she is, then said *pro rata* sums shall be deposited to her credit and disbursed by her as the head of the household, and in any and all events all said sums are to be disbursed under the direction of Robert B. Mayes so long as the beneficiaries consent to same.

"(5) Should there be in the future any surplus left of said net income, after the said devisees shall be paid the amounts named for their yearly support as aforesaid, and after all the

debts and expenses of all kinds incident to the protection, development, and management of said estate shall have been paid in full, said amount shall be ratably divided among the other children and grandchildren of said Herman B. Mayes, deceased, according to the provisions of item 3 of said last will and testament.

"(6) It is further ordered that the deed of trust, executed by the said Mrs. Charity Mayes and John B. Mayes, in favor of the Merchants' & Planters' Bank of Hazelhurst, Miss., recorded in Deed Book 71, page 245, of the Records of Deeds of said county of Copiah, shall remain in force and be in no wise impaired by the cancellation of deed, 'Exhibit C,' or any intermediate deeds appearing in the name of Mrs. Charity Mayes, but that said lien shall remain in full force and effect as a substituting liability against said estate, and as a paramount lien on the lands belonging to said estate and described therein. This decree shall in no way affect any security held by the Merchants' & Planters' Bank, whether same is specifically mentioned herein or not.

"(7) It is ordered that defendants be allowed ninety days in which to file a bill of exceptions, and that the cost of this proceeding be taxed against said estate. It further appearing that the court having, by written order on the minutes of said court, ordered that this cause be taken under advisement for decree in vacation, and now having maturely considered same, signs this decree in vacation, and directs the same be spread upon the minutes of the court as the final decree in this case.

"Ordered, decreed, and adjudged on this 2d day of November, 1908.

"G. G. LYELL, Chancellor."

From this decree, an appeal and cross appeal have been regularly prosecuted.

On November 7, 1908, a petition was filed by Robert B. Mayes, showing to the court that within a few days last before November 7, 1908, the said John B. Mayes, executor, etc., had

signified his desire to be relieved from the executorship and trusteeship of the said estate, and had in writing declared that he would have nothing further to do with the management of the estate, and consequently the estate was, at the date of the petition, without an executor and trustee. Now, in the decree which had been just rendered November 2, 1908, it had amongst other things, been decreed, in item 1 of said decree, that the "legal title to all the lands described in said deed from Charity Mayes to Robert B. Mayes was thereby declared to be reinvested in the executor and trustee named in the last will and testament of the said Herman B. Mayes, deceased, in trust for said estate, and subject to all the provisions in said last will and testament contained, and impressed with all the trusts in said last will and testament declared," etc. This reinvestment of the title in the executor and trustee, John B. Mayes, was made in pursuance of this decree on the 2d. of November, 1908; and, as shown before, his resignation and the appointment by the court, under this last petition, of John S. Decell, as administrator with the will annexed and trustee of the estate of Herman B. Mayes, deceased, was made. As the record before us stands, therefore, the decree appealed from is one which reinvested the title in John B. Mayes. The decree appointing Decell administrator with the will annexed and trustee, etc., is not complained of in this proceeding in any way.

We think it is perfectly manifest, from the terms of the will of Herman B. Mayes, that all his estate, as well the body as the income thereof, stood charged primarily with whatever sums were necessary for the comfortable support and maintenance of his wife, Charity Mayes, and his daughters, Mary Jane and Alice Mayes, and his son, William W. Mayes, during the term of their natural lives, and during the lives of the survivors or survivor of them. Mary Jane Mayes married and under the terms of the will ceased to be entitled to this provision. The mother is dead, and the two surviving objects of this bounty of the testator are Alice Mayes and William W. Mayes alone. It is also, we

think, clear that it was the purpose of the testator that his estate should be kept together, undivided, until, as stated in item 3 of the will, the number of the beneficiaries should be reduced to two or less, and "the condition of my estate and the objects secured in the said second item will justify my executor in making such division of the property then in hand, not trenching on the support of those remaining of the persons mentioned in the said second item." He provided in this third item, provisionally and contingently, for a preliminary partial division, if one could be made that should be just and practicable, keeping in view always, as the paramount consideration, that the condition of his estate and the comfortable maintenance and support of those named in item 2 should be kept in mind; the last clause of item 3 expressly stating that it was his will "to postpone a division of his estate until the objects set forth in said second item of his will should have been secured."

Looking through the testimony in this case, it is perfectly manifest that there cannot within the spirit and purpose of this will, be any division made at this time of the property. The income seems scarcely sufficient to pay the charges on the property and the $125 per month allowed for the support and maintenance of Alice Mayes and William W. Mayes. They manifestly are entitled to a home as "a right in them" whilst they live. The provisioning of such home, however, is not included in this clause of the will. Everything necessary to maintain the home, paying of taxes, and keeping it in proper and comfortable repair is included; but the living expenses involved in the purchasing of supplies, such as groceries, etc., was never meant to be included, over and above a money allowance for that same purpose. Consequently the clause in the decree directing "that the trustee shall maintain in good repair a home for the two beneficiaries herein named, to wit, Alice and William W. Mayes, and the cost of keeping up the said home, excluding the cost of provisioning same, and that these expenses shall be borne by the trustee, and not deducted out of the annual allowance of Alice

and William W. Mayes, and that it shall also be the duty of the trustee to pay all taxes and insurance on said home," was correct. We have critically examined this whole record and the decree of November 2, 1908, and we affirm said decree in all respects.

It is complained that the chancellor should have made his order final as to the $900 per year to be paid to Alice Mayes and the $600 per year to be paid to William W. Mayes, etc., and not, as he did, subject to future modifications by the court, if there should arise such necessity. We cannot concur in this criticism of the decree. We think the chancellor's decree was eminently correct in this respect, and in every other respect. Whether this support can be increased or diminished, or ought to be, is a matter for future consideration, depending upon circumstances at the time. When a division or partition in kind, or a sale of said property for the division of proceeds, can be made, is for the chancellor's future judgment, governed by the third item in said will. Circumstances to occur in the future alone can settle this, in view of said third item. Whilst that matter is not before us on this appeal, it is obvious that John S. Decell, having been appointed administrator with the will annexed and also trustee under the will, John B. Mayes, the former executor and trustee having resigned, and this appointment of Decell having occurred after this decree was entered, that the chancellor, on the return of this case, should enter a decree investing the title in the said John S. Decell, as it had been theretofore invested in John B. Mayes.

The direct appeal in this case is prosecuted by John H. Long, guardan *ad litem* of minors, and the assignments of error are that the decree was erroneous in not directing a partition of the property to be had, and in allowing too large a sum for the maintenance of the two beneficiaries, Alice Mayes and William W. Mayes; and the evidence manifestly shows that the decree is entirely correct under the provision of this will on both these points, and the decree on the direct appeal is affirmed.

The cross-appeal of Robert B. Mayes, petitioner, assigned as error, first, that the court erred in not making the amounts necessary for the comfortable maintenance of Alice Mayes and William W. Mayes sufficiently large, because they were not enough to support them, respectively, in accordance with their rank and station in life, and in accordance with the manifest purpose and intent of the testator; and, secondly, because the court erred in making said allowance subject to future modification by the said court, if there should arise such a necessity. It is perfectly obvious, under the terms of the will and the evidence in this case, that these assignments of error on this cross-appeal are untenable. The decree on the cross-appeal is therefore affirmed.

No other errors are assigned, either on the direct or cross-appeal, than those we have specifically mentioned, and the chancellor committed no error in respect to any of these things assigned as error. Consequently we affirm the decree on appeal and cross-appeal, as stated. But all parties in interest on the direct and cross-appeal have joined in asking us to construe the provisions of this will, so far as would be necessary for the guidance of the administrator with the will annexed and trustee, John S. Decell; and therefore, in addition to what we have already said, we desire now to say further that we do not think the decrees should have left any doubt as to the primary duty of discharging the indebtedness due the Merchants' & Planters' Bank. As to that, the chancellor is directed to enter a supplemental decree, expressly providing that all the money derived from the income of this estate, of every kind, after the payment of taxes, repairs, and other proper charges, and the sum of $125 per month to Alice and William Mayes as stated in the decree, and any other proper costs incurred in the cause shall be devoted—that is to say, such surplus shall be wholly applied—to the extinguishment of the debt due the said Merchants' & Planters' Bank, and shall be continuously so applied—that is, all of said surplus—until said debt shall have been fully paid off and discharged.

The chancellor should further, in such supplemental decree, direct that the property should be kept intact, without division, until such debt shall have been paid off and discharged, and that when such debt shall have been paid off and discharged, then, at that time, any party interested may make an application for further directions by the court, as to what disposition shall be made of said surplus thereafter accruing, and generally for further directions.

Decree *affirmed* on direct and cross appeal, and *remanded.*

MAYES, J., being a party to the suit took no part in the decision.