MAYES *v*. MAYES *et al.*

(Division A.   Oct. 22, 1923.)

[97 South. 548.   No. 23235.]

1. WILLS. *Trust devise for support continues although subsequent to testator's death beneficiary becomes possessed of independent income.*

   A devise in trust for the support of the testator's daughter until her death or marriage continues until the happening of one of those events, although after the death of the testator the beneficiary of the trust comes into the possession of an independent income sufficient for her support.

2. TRUSTS. *Sale of trust property for reinvestment not decreed unless necessary to accomplish purpose of trust or prevent loss or destruction.*

   A court of equity will not decree the sale of trust property for the reinvestment of its proceeds although the value of the trust estate will be thereby increased unless so to do is necessary to accomplish the purpose for which the trust was created or to prevent the loss or destruction of the trust estate.

APPEAL from chancery court of Copiah county.

HON. V. J. STRICKER, Chancellor.

Suit by John Lanier Mayes against John B. Mayes and others. From an order sustaining demurrers to the bill, plaintiff appeals. Reversed and remanded.

The following is a copy of the will referred to in the opinion:

"The State of Mississippi, Copiah County.

"I, Herman B. Mayes, of the said county and state, being of lawful age and of sound and disposing mind, do make and publish this my last will and testament, revoking all others.

"Item First. I direct that my just debts be paid by my executor, hereinafter named, out of my estate.

"Item Second. My will is that after the payment of my just debts the whole of my property remaining, real and personal, of every kind, be kept together undivided until hereinafter provided, under the control, management and direction of my executor, as such and as a trustee, to whom I hereby devise and bequeath the same, in trust, nevertheless, in the manner and for the purpose as follows, to-wit: The property and estate so devised and bequeathed to stand charged, as well the body as the income thereof, primarily with whatever sum or sums necessary for the comfortable support and maintenance of my beloved wife, Charity Mayes, and my daughters Mary Jane and Alice and my son William, for and during the term of their lives, and to remain thus charged to the measure and extend of such comfortable support and maintenance and the measure of the estate for them and each of them and the survivor of them.

"Item Third. It is my will that after the death of my said wife when the number of those provided for in the second item hereof shall be reduced to two or less by death, or by marriage of my said daughters or either of them, and the condition of my estate and the objects secured in the said second item will justify, my executor shall make such division of the property then on hand, not trenching on the support of those remaining of the persons mentioned in the said second item, as may be just

and practicable, dividing according to the law of distributions, giving equal shares to my surviving children and to the descendants of a deceased child the parent's share; and on the death of the last survivor of those mentioned in the second item, a complete or further division shall be made, it being my will to postpone a division of my estate until the objects set forth in said second item of this will shall have been secured.

"Item Fourth. It is my will that upon the marriage of one or both of my daughters mentioned in the said second item, that the provision for her support shall cease, and such daughter shall thereafter only be entitled to her share of the estate as may fall to her on a division thereof as hereinbefore provided.

"Item Fifth. It is my will that my beloved wife shall possess and enjoy the use of the dwelling house in which I now reside in Hazlehurst, for and during her life for herself as a home, and as a home for such of the children mentioned in said second item as may choose to remain with her, as a right in her and them; and should it be found necessary or expedient, my said wife shall be provided in any event out of my estate with a home during her life.

"Item Sixth. I appoint my son, John B. Mayes, executor of this my will and trustee for the objects herein declared, and empower and direct him in providing for my debts, to dispose of such property for that purpose as may not be yielding increase by interest, rents, or other issues, giving him power without application to any court, to sell such property for such purpose at public or private sale; and I hereby empower him, for the general objects herein declared and to the end of increasing and making more certain the income from my estate, to improve the property, to lease and sell the same at public or private sale, for reinvestment for the purposes of this my will, without application to any court, having confidence in his judgment and integrity and intending to give him ample power of management and control and direction of my

estate, in order the more effectually to secure objects set forth in the provisions of this my will.

"And lastly it is my will and desire that no bond shall be required of him for the faithful performance of his trust."

*Hugh C. Watson,* for John B. Mayes, one of appellants.

I.   Nature of Estate in Appellant and Right to Sue. The estate in appellant and in all of the children of the testator, not specially favored by Item Two of the will, is an estate in remainder, in the *corpus* of the estate; and the remainder thus created is vested and not contingent. 2 Coke on Littleton, sec. 446, page 265-A, Note 2, Butler and Hargraves Ed.; *Donner* v. *Fortesque,* 3 Atk. 123-135; 1 Coke Inst., page 143-A; 1 Fearne on Remainders, bottom pages 216 and 217; Blackstone's Commentaries, Book 2, page 168; *Re Washburn's Estate,* 11 Cal. App. 735, 106 Pac. 415; Alexander's Commentaries on Wills (1919), section 1003, page 1455, section 1004, page 1458; *Croxall* v. *Sherrard,* 5 Wall. (U. S.) 268-288, 18 L. Ed. 572. In this case, the supreme court of the United States, in distinguishing between a vested and a contingent remainder, says: "It is the present capacity to take effect in possession, if the precedent estate should determine, which distinguishes a vested from a contingent remainder."

II.   Postponement of Enjoyment only, Does Not Make Remainder Contingent. 2 Alexander on Wills, sec. 1005, pages 1458-1459.

III.   Remainder Will be Construed, if Possible, as Vested Rather Than Contingent. 2 Alexander on Wills, sec. 1007, pages 1461, 1462, and 1463.

IV.   Power of Disposition in Life Tenant does not Make Remainder Contingent. 2 Alexander on Wills, section 1011, pages 1466, 1467, and 1468.

V.   It makes no difference as to the vesting of a re-
mainder whether the legal estate be devised to trustees
to convey according to the directions of the will, or wheth-
er the interest takes effect without their intervention;
nor is it material whether the trust provides for the ac-
cumulation of income until the period of payment or dis-
tribution.  2 Alexander on Wills, section 1012, page 1468.
The Mississippi rule is to like effect.  *Scottish American
Mortgage Company* v. *Buckley,* 81 Miss. 599, 33 So. 416.

VI.   RIGHT TO SUE.  Appellant had such a vested es-
tate in himself as entitled him to sue for the purpose of
having the will construed.  *Owens* v. *Waddell,* 87 Miss.
310, 39 So. 459; *Long* v. *Mayes,* 94 Miss. 735-759; Schouler
on Executors (3 Ed.), secs. 472-473; 1 Pomeroy Eq. Jur.
(4 Ed.), sec. 171, top of page 214 and sec. 351, top of
page 650; Mississippi Code of 1906, section 2137, Hem-
ingway's Code, sec. 1805.

VII.   POWERS AND DUTIES OF TESTAMENTARY TRUSTEES.
The original trustee was given very large powers by the
testator, including those of disposition, investment, and
re-investment, without application to any court and with-
out requiring bond of him.  Appellant contends that the
powers vested in the original testamentary trustee were
of special trust and confidence in the son there appointed
to that trust, and that such powers did not pass to the
succeeding trustee appointed by the court.  40 Cyc. 1835,
latter part section 4-a; Page on Wills, sec. 692, page 832.

VIII.   POWERS IN TRUST DO NOT DEVOLVE TO ADMINIS-
TRATOR WITH WILL ANNEXED.  *Whittaker* v. *McDowell,*
72 A. L. R. 938 (Conn.); *Osborn* v. *Gordon,* 86 Miss. 95,
56 N. W. 334; *Pratt* v. *Stewart,* 49 Conn. 339-341; Perry
on Trusts, section 496; *Eastick* v. *Smith* (1904), 1 Ch.
note 1, page 144; *Cole* v. *Wade* (1807), 16 Ves. Jr. 27, at
page 44; Coke Litt. 133; 1 Sugd. on Pow. 144.  Nor has this
rule been changed by the statute, which appears in section

113, 671, of the Hutchinson Code, and has been brought forward substantially in section 2013 of the Code of 1906, and section 1678 of Hemingway's Code. This statute only applies in cases where the testator absolutely directs a sale of lands to be made by his executors without leaving them any discretion in that particular, but it does not apply in cases where discretion as to whether a sale shall be made at all or not, is vested in the executors. In the former class of cases, the powers of sale pass to the succeeding executors and trustees with the office, while in the latter class of cases they do not. *Bartlett* v. *Southernland, et al.,* 2 Cushman, 403; *King* v. *Talbert,* 36 Miss. 367; *Cohea* v. *Johnson,* 69 Miss. —, 13 So. 40. The will of the testator in the instant case makes it perfectly clear that the trust and powers bestowed upon his son as executor and trustee were of special trust and confidence in him. Schouler on Executors (3 Ed.), secs. 472-473; Pomeroy's Equity Jurisprudence (4th Ed.), secs. 156, 348, 1127, and 1152.

IX. CONTROL AND MANAGEMENT OF ESTATE BY TRUSTEE C. T. A. The subject of the control and management of trust property is well treated in 26 Ruling Case Law, beginning with page 1279, sections 129, 130, 131, 133, and 139. See also *Richards et al.* v. *East Tennessee, V. and G. Ry. Co. et al.,* 33 S. E. 193; *Hale et al.* v. *Hale, et al* 33 N. E. 858; *Curtis* v. *Brown,* 29 Ill. 201; *Gavin* v. *Curtin,* 49 N. E. 523, 526, 527; *Marsh et al.* v. *Reed et al.,* 56 N. E. 306-310; *Baldridge* v. *Coffey, et al.,* 56 N. E. 411.

The instant case is by analogy quite like the cases where equity jurisdiction is invoked to prevent waste, where the courts will protect the inheritance for the remaindermen whether the remainder be vested or contingent; and also though the person to whom the inheritance may fall is uncertain. *Ohio Oil Company* v. *Daughette,* 88 N. E. 818, (Ill.); *Blakeley* v. *Marshall,* 174 Pa. 475, 34 Atl. 564; *Marshall* v. *Mellon,* 179 Pa. 371, 36 Atl. 205; *Williamson* v. *Jones,* 43 W. Va. 563, 27 S. E. 411; *Brashier* v. *Macey,* 3 J. J. Marsh., 93 (Ky.); *Cannon* v. *Myers,* 99 N. C. 198,

6 S. E. 82; *Louisburg University* v. *Tucker,* 31 W. Va.
621, 8 S. E. 410.

X.   CONVERSION.   The power of converting the real es-
tate of a testator into personal property and of personal
property into real property, for investment and reinvest-
ment purposes were full in the original testamentary trus-
tee, and this power, as we see it, passes to the court and
testamentary trustee c. t. a. to be used in conjunction. In
addition to this, there is nothing in the will under consid-
eration indicative of an intent on the part of the testator
that the property going to make up his estate was intended
to be enjoyed by the life tenants *in specie.* Under these
conditions, it is within the jurisdiction of a court of equity
to direct a conversion of the estate into more profitable in-
vestments for the purpose of increasing the incomes there-
of for the benefit of all the beneficiaries named in the
will.   3 Pomeroy's Equity Jurisprudence (4th Ed.), latter
part of section 1167, and note 3.

*J. S. Sexton,* for other appellants.

Under the allegations contained in the amended bill,
the court had the power and it was its duty to take ju-
risdiction of the case for the purpose of preserving the
estate regardless of whether the time had come when a
partial distribution of the estate could be made or not,
and further regardless of what interpretation may finally
be placed upon the will. While the discretion vested in
John B. Mayes, the original trustee, did not pass to the
present trustee, still a court of equity has ample power
to deal with the situation. See 49 S. E. 834, 121 Ga. 624;
64 N. E. 105, 197 Ill. 30; 48 Atl. 719, 93 Md. 225; *Lack-
land* v. *Walker,* 54 S. W. 414, 151 Mo. 210; *Mayall* v. *May-
all,* 65 N. W. 942, 63 Minn. 511; *Alemany* v. *Wensinger,*
40 Cal. 288; *Meddis* v. *Bull's Adm'r.,* 18 S. W. (Ky.) 6.
See also *Brock* v. *Pennsylvania Steel Co.,* 203 Pa. St. 249,
52 Atl. 190; *Kennedy* v. *Pearson* (Texas), 109 S. W. 280,
26 R. C. L., 1282; *Ruggles* v. *Tyson,* 104 Wis. 520, 79 N.

W. 766, 81 N. W. 367, 48 L. R. A. 809; *Johns* v. *Montgomery,* Ann. Cas. 1916 A, 999.

This rule finds peculiar application when, by reason of changed conditions, due to the growth of cities (to which the situation in the instant case is analogous), the property becomes unsuitable for the purposes of the trust, or liable to such additional expenses and assessments as to consume substantially the income and so defeat the intention of the persons creating the trust. Note Ann. Cas. 1916 A, 1003; *In Re Morris,* 18 N. Y. Supp. 680; *Packard* v. *Illinois Trust & Savings Bank,* 261 Ill. 450, 104 N. E. 275; *Devegre* v. *Walker,* 214 Ill. 113, 73 N. E. 409, 411.

The will is the law of the case, but the question still remains, What is the will? In other words, what was the true intent and purpose of the testator, and I most seriously insist that no sensible man (and every one knows that the testator in this case was an exceedingly sensible man) could ever have intended that his will should have been so interpreted as to work out the results which are inevitable in this case, as indicated by the amended bill, which for all essential purposes is to be taken as confessed in the present attitude of the record. I respectfully submit that such construction of the will is not a true construction thereof, but is a perversion of its terms and meaning and that the case should be reversed, or judgment entered here in favor of the appellant.

*M. S. McNeil and Wells, Stevens & Jones,* for appellees.

The will creates an express as distinguished from an implied trust and the paramount question presented by the general demurrer of these defendant beneficiaries is whether the estate can now be partitioned without "trenching on the support of those remaining," to-wit: these defendants. Broadly speaking, the bill seeks an absolute termination of the trust. The discussion centers around three general propositions, therefore, to-wit: 1. Can the estate be closed, the property divided and the trust ab-

solutely terminated? 2. Can there be a partial distribution or partition of the trust estate? 3. Should the court sell the plantation for the purpose of reinvesting the proceeds?

I. The time for the operation of the trust in the case at bar is the lifetime of Alice and William Mayes, or the survivor. These beneficiaries are living and the trust is an active one and the time therefore has not expired. 26 R. C. L., par. 52, 53, 54; *Cuthbert* v. *Chauvet* (N. Y.), 18 L. R. A. 745; *Carpenter* v. *Sturgeon* (Ky.), 68 L. R. A. 637; *Webster* v. *Bush,* 19 Ky. L. Rep. 565. The law and the authorities thus far cited are merely introductory to and in support of the opinion of this court in *Long* v. *Mayes,* 94 Miss. 735, construing the very will now before the court. The bill in the present case does not set forth any facts which materially change the situation of the parties or the condition of the estate.

As we construe the will the complainant has nothing but a contingent interest. Robert Lanier Mayes has no present title or right of possession. He may never come into the possession or enjoyment of the estate. The case at bar is very similar to *Gwin* v. *Hutton,* 100 Miss. 320, 56 So. 446. See also *Leigh* v. *Harrison,* 69 Miss. 923; *Nichols* v. *Eston,* 91 U. S. 716; *Sullivan* v. *Geisenberger,* 110 Miss. 775, 70 So. 887. This case is one of many upholding the right of a testator to preserve his estate intact and prevent a partition until certain paramount purposes and objects have been fully attained. 26 R. C. L., par. 133; 3 Pomeroy (4th Ed.), par. 1062.

II. MISS ALICE MAYES AND WILLIAM W. MAYES, AS BENEFICIARIES AND LIFE TENANTS, HAVE PARAMOUNT RIGHTS WHICH THE WILL PROTECTS, AND WHICH THE LAW MUST SAFEGUARD. The scheme and evident purpose of the testator here was to provide a full, adequate, and complete, or in other words, a comfortable support to the daughter, Alice, and the son, William, during their lives, and the life of the survivor. The authorities so

much relied upon by counsel are authorities which the life tenants may invoke. If a trustee should fail in his duty to pay over the income, or deal fairly with the beneficiaries, then these beneficiaries could invoke the aid of equity to compel the trustee to perform his duties, or else displace him. But the dominant idea was to keep the estate intact, and provide thereby a comfortable support and maintenance for the life tenants.

The interests which these life tenants enjoy are in line with the interests which the life tenants were adjudicated to enjoy in the following cases: *Prewett* v. *Land,* 36 Miss. 495; *Leigh* v. *Harrison,* 69 Miss. 923; *Stansel* v. *Hahn,* 96 Miss. 616; *Mitchell* v. *Choctaw Bank,* 107 Miss. 314; *Gwin* v. *Hutton,* 100 Miss. 320; *Brickell* v. *Lightcap,* 115 Miss. 417. The *corpus* of the estate could be resorted to, upon appropriate petitions of Miss Alice, or William, if it should become necessary to use the *corpus* to obtain a comfortable support.

III. The Power of Sale Conferred by the Will on John B. Mayes, Testamentary Trustee, Cannot be Exercised Either by the Successor Trustee, or by the Court. *Virginia Trust Company* v. *Beauford,* 123 Miss. 572, 86 So. 356; *Ex parte White,* 118 Miss. 15, 78 So. 949, L. R. A. 1918 E, 1065; *Hill* v. *Joselyn,* 13 S. & M. 598; *Chandler* v. *Chandler,* 111 Miss. 525; Hill on Trustees, 483; *French* v. *Northern Trust Co.,* 197 Ill. 30, 49 S. E. 834; *LeQuire* v. *Lee,* 121 Ga. 624, 629; *Maryland Casualty Company* v. *Safe Deposit and Trust Co.,* 115 Md. 339, Ann. Cas. 1913 A. 1279; *U. S. Trust Company* v. *Poutch,* 130 Ky. 241; *Security Company* v. *Snow,* 70 Conn. 288, 66 Am. St. Rep. 107; *Tyler* v. *Herring* (Miss. case), 19 Am. St. Rep. 271; Underhill on Trusts and Trustees, pages 232; Bogert on Trusts, pages 322, 323, including foot note 91; *Ruggles* v. *Tyson* (Wis.), 48 L. R. A. 809; Perry on Trusts (6th Ed.) sections 294 and 505. These authorities go to the extent of holding that the court cannot exercise the power, because to do so would change the will of the testator, and ignore the very condition which the testator

has imposed before the power shall be exercised. If the court has the power to sell real estate regardless of the discretionary power conferred by the will itself, then there would be no use or good purpose for having this power conferred by will. All of the authorities from the case of *Montgomery* v. *Milliken, S. & M.* ch. 495, and *Bartlett* v. *Sutherland,* 24 Miss. 395, concede that the power can no longer be exercised.

IV. EQUITY HAS NO JURISDICTION TO SELL THE REAL ESTATE OF INFANTS OR CONTINGENT REMAINDERMEN FOR PURPOSES OF REINVESTING THE PROCEEDS. *West* v. *Robertson,* 67 Miss. 213; *Hoskins* v. *Ames,* 78 Miss. 986. A list of the authorities on each side of the question may be found in the notes to the case of *Richards* v. *Ry. Co.,* 106 Ga. 614, 33 S. E. Rep. 193, in American and English Decisions in Equity, p. 560, et seq; *Clark* v. *Foster,* 110 Miss. 543; *Re Bierbaum,* 40 Hun. (N. Y.) 504; *Belote* v. *White,* 2 Head, 703; *Bailey* v. *Burgess,* 10 R. I. 422; *Snyder* v. *Safe Deposit and Trust Company,* 93 Md. 225, 48 Atl. 719; *Keplinger* v. *Maccubbin,* 58 Md. 203; *Partee* v. *Thomas,* 11 Fed. 769; *Cramton* v. *Rutledge,* 157 Ala. 141, 47 So. 214; *Larned* v. *Bridge,* 17 Pick. 339; many other authorities cited in notes to *Wilson* v. *Snow,* 50 L. R. A. (N. S.) 604; *Kenaday* v. *Edwards,* 134 U. S. 117, 33 L. Ed. 853; *Thurston* v. *Thurston,* 6 R. I. 296; *Troy* v. *Troy,* 45 N. C. 85.

V. THE INTEREST OF JOHN LANIER MAYES IS CONTINGENT AND NOT VESTED, AND HE HAS NO PRESENT ESTATE. It makes little difference whether the interest of the remaindermen is vested or contingent. Certainly the trust could not be terminated until the time has arrived under the terms of the will for terminating the trust, and until that time arrives no party in interest can demand a termination. But we maintain that the interest of appellant is purely contingent. He has no present estate. The remainder is ultimately to be divided in equal shares to the testator's "surviving children, and to the descendants of a

deceased child." *Bennett* v. *Morris,* 5 Rawle (Pa.) 9; *Nichols* v. *Denney,* 37 Miss. 59; *Cannon* v. *Barry,* 59 Miss. 289; *Yocum* v. *Siler,* 61 S. W. 208, 209; *Wood* v. *Griffin,* 46 N. H. 230, 234; *Dana* v. *Murray,* 122 N. H. 604, 26 N. E. 2124; *Shaw* v. *Young,* 109 Ala. 528, 20 So. 370; *Paul* v. *Frierson,* 21 Fla. 529; *Phinizi* v. *Foster,* 90 Ala. 262, 7 So. 836; *Hudson* v. *Wadsworth,* 8 Conn. 348; *Spear* v. *Fogg,* 87 Me. 132, 30 Atl. 791; *Burn* v. *France* (Mo.), 33 S. W. 178; *Poor* v. *Considine* (U. S.), 18 L. Ed. 869; *Tierney* v. *Kash* (Ky.), 203 S. W. 731, 4 A. L. R. 1540.

The cases cited by counsel, maintaining the power of the court of equity to sell the real estate of trust property, are clearly and easily differentiated. They are cases where the dominant purpose of the trust cannot be executed, and the wishes of the testator carried out without the sale, and generally cases where something unforeseen has happened, and the court through consideration of what counsel has stated to be "high expediency" does that which the testator would have done had he foreseen the contingency.

The allegations of the bill did not make out a case of any material change in the condition of the estate justifying a partial distribution. The amended bill does not recite any facts which materially change or differentiate this case from *Long* v. *Mayes,* wherein the court refused a partial distribution. The testator expressly stated that there should not be even a partial distribution so long as the same would trench upon, or affect the interests of the life tenants.

*J. S. Sexton* and *H. C. Watson,* for appellant in reply.

We have already expressed our views as to the want of power in a succeeding trustee to exercise the powers conferred upon John B. Mayes as executor of the will of H. B. Mayes, but we certainly differ very materially as to the latter statement of counsel that this power cannot be exercised by the court, and we find nothing in the authorities cited by counsel to support such contention, and we apprehend that it will be a long time before this court commits itself to any such doctrine.

Argued orally by *J. S. Sexton* for appellant and *J. Morgan Stevens* for appellees.

SMITH, C. J., delivered the opinion of the court.

This is an appeal to settle the principles of the case and is from a decree sustaining demurrers to an original bill. The bill brings under review the will of Herman B. Mayes which was partially construed by this court in the case of *Long* v. *Mayes,* 94 Miss. 735, 48 So. 523, which will the reporter is directed to set out in full.

The original bill is by John Lanier Mayes, the only child of Robert B. Mayes, deceased, who was a son of the testator, Herman B. Mayes, and all necessary parties are defendant thereto. The bill alleges, in substance, that the testator's widow, Charity Mayes, is dead; that his daughter Mary Jane has married; that his daughter Alice has an income sufficient for her maintenance independent of that provided for her by the will; that his son, William, can be provided for by setting apart a portion of the estate left by the testator for that purpose; that the income from the farm left by the testator and which constitutes the bulk of the estate is insufficient for the payment of the annuities allowed to Alice and William Mayes by the decree of the court below which was under review in *Long* v. *Mayes,* 94 Miss. 735, 48 So. 523, after deducting therefrom taxes, expenses for necessary repairs, and commissions allowed the trustee; that the annuities to Alice and William are now considerably in arrears, and for the payment of which a resort to the *corpus* of the estate will become necessary, and that the trust property is in danger of being "destroyed for want of repairs." The bill further alleges, in substance, that the greater portion of the land composing the testator's farm is covered by a virgin forest which was of very little value at the testator's death, but which is now worth considerably more than the whole of the land was then worth; that because of other circumstances unnecessary to here set forth the land has so increased in value that it can now be sold

133 Miss.—15

for something like fifty thousand dollars; that if this were done the money realized therefrom could be so invested that only a portion of it would be necessary for providing an income sufficient for the maintenance of Alice and William and that the remainder could be divided among the testator's other children and their descendants in accordance with the third item of his will. The bill also alleges that the trustee has five thousand and fifty dollars and sixty-three cents in cash belonging to the estate, but from what source derived does not clearly appear. Nor does it appear why it has not been applied by the trustee to the annuities due Alice and William.

The testamentary trustee has resigned, and John S. Decell was appointed as his successor by a former decree of the court below. Several demurrers to this bill were interposed by the various defendants and sustained by the court below.

The relief sought by the complainant seems to be: (1) The discontinuance of the allowance heretofore ordered by the court below for the support of Alice Mayes; and (2) the sale of the trust property, the reinvestment of so much of the proceeds thereof as will be necessary for the protection of an income for the support of William Mayes, and the distribution of the remainder thereof, if any, to the persons now entitled under the will to receive it.

The ground on which it is sought to have the allowance from the trust property for the support of Alice Mayes discontinued is that, as she has an independent income sufficient for her support, an allowance therefor from the trust fund is no longer necessary. The will does not provide that she shall be supported only so long as she has no independent income sufficient therefor, but until her marriage or death. Consequently the allowance therefor should not be discontinued.

Two reasons are assigned for the sale of the property: First, that the proceeds thereof will be more than sufficient when reinvested to provide an income for the maintenance of William, and, if necessary, for the support also of Alice,

so that a portion of the proceeds could be now distributed to those entitled under the will to receive it; second, that a sale of the property and the reinvestment of its proceeds is necessary in order to carry out the testator's purpose in creating the trust and also to prevent the loss or destruction of the trust estate.

Counsel for all of the parties agree that the power given to the testamentary trustee to sell the trust property and to reinvest the proceeds thereof was personal to him, and did not pass to his successor, which construction of the power will be accepted by us without expressing any opinion thereon.

A court of equity will not order the sale of trust property and the reinvestment of its proceeds merely for the purpose of increasing the value of the trust estate, but will order such a sale and reinvestment when so to do is necessary in order to effectuate the purpose for which the trust was created or to prevent the loss or destruction of the trust estate.

The testator sought to accomplish two purposes by his will: First, and primarily, to provide for the support of his widow and his son William, until their death, and to provide for the support of his daughters, Mary Jane and Alice, until their marriage or death; and, second, to pass the *corpus* of his estate, after his primary purpose had been accomplished, to his then surviving children, the descendants of a deceased child to take their parent's share. While he charged not only the income but the *corpus* of his estate with the support of his widow and the three named children, it is clear that his intention was that his estate should be so managed that a part, if not all, of the *corpus* thereof should remain for final distribution. It appears from the language of the will by which the power to sell the trust property was conferred on the testamentary trustee that the testator contemplated that a sale of the trust property and a reinvestment of the proceeds thereof might become necessary in order to accomplish the purpose he had in view in creating the trust, and if such

a sale and reinvestment should become necessary he desired that it be done. This language is as follows:

"I hereby empower him, for the general objects herein declared and to the end of increasing and making more certain the income from my estate to improve the property, to lease and sell the same at public or private sale, for reinvestment for the purposes of this my will, without application to any court, having confidence in his judgment and integrity, and intending to give him ample power of management and control and direction of my estate, in order the more effectually to secure objects set forth in the provisions of this my will.'

It appears from the bill of complaint that the *corpus* of the estate is in danger of being destroyed "for want of necessary repairs and of being consumed by its having to be resorted to for the support and maintenance of Alice and William, the happening of either of which events will render impossible the effectuation of the testator's purpose. If this is true the court below should order a sale of the trust property and a reinvestment of the proceeds or so much thereof as may be necessary to provide for the maintenance of Alice and William, and, if the distribution of the remainder, if any, should appear to be proper under item 3 of the will, it can be so distributed. By so doing the testator's intention will not only be carried out, but the loss or destruction of the trust estate will be prevented. The sale, if ordered, should not be confirmed unless the price obtained for the property would enable the trustee to more nearly carry out the testator's intention than can be done with the estate in its present form. Had the testator manifested a desire for his property to reach the ultimate distributees in its original form, a different question would here arise; but no such intention appears from the will.

The decree of the court below will be reversed, and the cause remanded, with leave to the appellees to answer the bill of complaint within thirty days after the filing of the mandate in the court below.

*Reversed and remanded.*