REEDY *et al. v.* JOHNSON'S ESTATE.

(In Banc. June 10, 1946. Suggestion of Error Overruled Sept. 23, 1946.)

[26 So. (2d) 685. No. 36141.]

Forrest G. Cooper, of Indianola, for appellants.

Neill, Clark & Townsend, of Indianola, for appellee.

Argued orally by **Forrest G. Cooper**, for appellants, and by **Arthur B. Clark**, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This appeal comes from a final decree of the Chancery Court of Washington County, whereby an ex parte peti-

tion of certain heirs of J. N. Johnson, testator, seeking modification of a testamentary trust in their favor, and the substitution of a deviating plan more nearly to their liking, was dismissed. The trustee voluntarily answered and opposed the petition. He is the appellee here, since the chancellor held the appellants were entitled to none of the relief sought by them. Between two and three thousand acres of Delta land are involved.

Questions affecting this trust estate, life tenants, and remaindermen have been before us heretofore. Alexander et al. v. Hancock, 174 Miss. 482, 164 So. 772, and on suggestion of error see 174 Miss. 482, 165 So. 126; and Hancock et al. v. Reedy, 181 Miss. 830, 180 So. 81. In 1938, shortly after the appellee was qualified as trustee by order of the chancery court, all the adult legatees, both life tenants and remaindermen, petitioned the chancellor for relief along similar lines in the petition involved in the present appeal, the same being exhibited in the record. The only practical difference between now and then is that the appellant tenants of the farm lands for the past two years have been able to finance the farming operations without help of the trustee. After hearing the matter the chancellor then, as now, refused to grant the prayer of petitioners or to approve the plan they offered deviating from the directions of the trust, although claimed by the petitioners to be not inconsistent with such directions.

In our judgment, the substituted procedure proposed by petitioners, while serving the interests of the petitioning beneficiaries, would be such an unjustified substantial modification of and deviation from the terms of the trust as to amount to a violation of the will of the testamentary truster. It will be remembered that there are life tenants and remaindermen, and none of the latter are petitioning, and no process was served on them.

In this connection, it is also necessary to bear in mind that the trustee did not in 1938 recommend such matters to the chancellor, and is not doing so now. His removal is not sought,—in fact, his retention to administer the

trust in its reduced operations under the proposals of petitioners is contemplated by them. However, he opposed the deviations in the trial court, and is resisting them here. He makes the point with considerable force, that since appellant petitioners contend that their offered plans are within the framework of the terms of the trust and are not inconsistent with the over-all purposes thereof, this necessarily calls for a construction of the will creating the trust, and requires all interested parties to be made parties thereto. Hancock et al. v. Reedy, 181 Miss. 830, 180 So. 81. Appellants say this was not necessary, since the issues of the petition do not affect the rights of the remaindermen, and the present operation of the farm lands is solely for the benefit of the life tenants, the appellant petitioners. This view is untenable, we think, in view of the very nature of the suggested operations, sales, and divisions proposed by appellants. There are still substantial mortgage debts against the lands; there are still improvements thereon to be maintained and kept in repair; and there is still the question of cultivation of the lands after the methods of good husbandry. In all of these things, the remaindermen have a vital interest, and since they were not parties the chancellor was justified in dismissing the petition on this ground alone.

But conceding, only for the purpose of discussing the point, that the chancellor was not justified in dismissing the petition because the remaindermen were not parties, was he correct in denying the appellants the relief they sought because the same was an unjustified departure from the terms of the testamentary trust? It is the rule generally that the "administration of a trust must accord strictly with the intent of the settlor and the terms of the trust, and while ordinarily even a court of equity has no authority to authorize the trustee to depart therefrom, and will do all within its power to see that the trust is executed in accordance with its terms, it is generally agreed that a court may, upon the occurrence of emer-

gencies or unusual circumstances not anticipated by the settlor, or in order to carry out his ultimate purpose, and to preserve, or to prevent loss or destruction of, the trust estate, or, according to some authority, in the interest of beneficiaries or to save them from some plight, permit the trustee to the extent necessary to such an end, to deal with the trust estate contrary to or in deviation from the express or literal terms of the trust instrument or declaration.'' 54 Am. Jur., Sec. 284, Trusts, p. 225.

Here, the will lays down in great detail procedure in performance of the trust, and the manner of its operation, and the terms thereof. It deals with sales, payment of mortgages, descent, and other matters with well-defined directions as to each, for which the testator is to be presumed to have had a reason and a purpose. It cannot be successfully contended that the management of the trust has been anything but excellent by the present trustee, and it is also true that progress is manifestly being made toward the ultimate accomplishment of purposes of the trust, the payment of the mortgages on the land, and certain preservations against that distant day when the youngest grandchild shall become of age. Petitioning apellants argue they will all have died without full enjoyment of their patrimony, unless their plan of deviation is adopted; but this argument ignores that each year, after certain deductions under the terms of the will, a share of the net profits goes to each of them in accordance with the trust. But, they insist that their suggested way would be more to their advantage than the directions of the present trust, and would not be to the disadvantage of any one interested. It is impossible to gauge the accuracy of the latter part of the argument, as the future is not predictable with any degree of certainty. However, the will of the settlor is definite and adherence to it is definitely advantageous to all involved, as appears from the record. Advantage to the beneficiaries is not one of the most potent influences upon a court of equity to exercise a sound discretion, within the

rule of discretion exercisable by equity courts in the administration of trust, and to deviate from the terms of the trustor. Generally, "mere advantage to beneficiaries or particular beneficiaries does not justify authorization by a court of deviation from the terms of a trust. . . . A court, in determining whether or not it will authorize a departure from the terms of the trust . . . will emphasize the ultimate intention of the trustor rather than the interests of the beneficiaries, and the prime consideration is the necessity for the preservation of the estate, and not merely the administration of the trust in a way to produce a greater benefit for the beneficiaries." 54 Am. Jur., Sec. 285, Trusts, p. 226; see Mayes v. Mayes et al., 133 Miss. 213, 97 So. 548.

The rule is announced in 65 C. J., Trusts, Sec. 549, to be: "The power of the court is exercised not to defeat or destroy the trust, but to preserve it (the estate). The exercise of the power can only be justified by some exigency which makes the action of the court in a sense indispensable to the preservation of the trust. . . . The trust will not be modified, in violation of the settlor's intention, merely because the interest of the parties will be served by doing so."

These appellants have disagreed and litigated with each other herein before, and may do so again; the conferring on them of a larger possession and more liberty in the management of the trust estate, with parallel withdrawal thereof from the trustee, invades the realm of the speculative. Permitting the trust to be continued to be operated by the trustee in the same able manner as heretofore, and in accordance with the terms of the trust, is without doubt in our opinion, safer and better for the interests of all concerned, and incumbent upon the court, in the absence of any reason to the contrary, according to the pertinent rules of equity.

Item 7 of the will did confer discretion on the trustee to sell the Inverness plantation, subject to certain restrictions and conditions: "Said property shall never be sold

for less than $125.00 per acre. And if said property is sold by said trustee, then the proceeds of said sale shall be invested either (a) in other lands adjacent to the lands now owned by me near Holly Ridge, or (b) in improvements on the lands now owned by me in Holly Ridge, or (c) loaned out and the income therefrom included in the net operations of the lands herein conveyed and distributed in accordance with paragraph 5 hereof, or (d) the proceeds of said sale may be divided equally among my four children, or (e) the trustee may pay off the balance due on the bequests to my said two nieces and distribute the balance equally to my said four children.''

Mr. Johnson, the testator, had no sons. His four children were all daughters, one of whom is now dead, with children living in widely scattered places, and another of whom the will debars from living on the land. These eventualities were probably in contemplation of Mr. Johnson when he established this testamentary trust. It is true that certain discretion is reposed in the trustee, but the trustee is opposing the petitioners' proposed plans, and this opposition was approved by the chancellor. We have held in Yeates v. Box et al., 198 Miss. 602, 22 So. (2d) 411, that although the chancery court will not substitute its judgment for that of a trustee, it will, whenever circumstances require, review exercise of discretion given to a trustee and decide whether it is reasonable or unreasonable. In 54 Am. Jur., Sec. 276, Trusts, p. 219, it is said: ''Courts of equity have original, general, and inherent jurisdiction over trusts and the administration thereof . . .'' This, of course, means that the chancery court exercises discretion in the supervision of trusts, and that an appellate court will not vacate its rulings unless such discretion is abused, and to the same effect is Yeates v. Box, supra. Since, in our view, the discretion of neither trustee nor chancellor was abused in denying the petitioners' prayers, even if it be conceded for the sake of the point, as stated supra, that the chancellor had

214

jurisdiction to hear this petition involving construction of a will without process on necessary parties, which he did not, we are constrained to confirm the decree of the trial court dismissing the petition.

Therefore, the decree of the trial court is affirmed.

Affirmed.