In re JOHNSON'S ESTATE.

(Division B.   April 7, 1947.)

[29 So. (2d) 839.   No. 36408.]

**Forrest G. Cooper** and **J. E. Harper, Jr.,** both of Indianola, for appellants.

**Neill, Clark & Townsend,** of Indianola, for appellee.

Argued orally by **Forrest G. Cooper,** for appellants, and by **Arthur B. Clark,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Petition was filed by the heirs-at-law under the will of J. N. Johnson, deceased, to have construed Item Seven of such will which reads as follows:

"I hereby grant unto the said trustee the right and privilege at her discretion of selling my property described as the South Half of Section 5, Township 17 North, Range 3 West, Sunflower County, Mississippi, under the following conditions and restrictions, to-wit:

"Said property shall never be sold for less than $125.00 per acre. And if said property is sold by said trustee, then the proceeds of said sale shall be invested either (a) in other lands adjacent to the lands now owned by me near Holly Ridge, or (b) in improvements on the lands now owned by me in Holly Ridge, or (c) loaned out and the income therefrom included in the net operations of the lands herein conveyed and distributed in accordance with paragraph 5 hereof, or (d) the proceeds of said sale may be divided equally among my four children, or (e) the trustee may pay off the balance due on the bequests to my said two nieces and distribute the balance equally to my said four children."

All the interested parties were joined and petitioners prayed that the said provision as it relates to the particular lands therein described be so construed as to authorize the trustee to sell said lands at not less than $125 per acre, and make such disposition of the proceeds as is authorized within the five alternative provisions.

The chancellor denied the prayer and dismissed the petition. Although there was testimony calculated to guide the chancellor to the proper disposition of the proceeds in the event of sale, no finding of fact was made. The relief prayed for was held to "invade the terms of the will."

In a former appeal (26 So. (2d) 685, 688) the refusal of relief was based on the same grounds and the decree was affirmed. Additional support was found in the fact that necessary parties were not joined, an omission here corrected. We there held, however, as follows: "Item 7 of the will did confer discretion on the trustee to sell the Inverness plantation, subject to certain restrictions and conditions: . . ." (naming those quoted above).

In the instant proceeding, the trustee does not oppose the petition and may indeed be held to join in the prayer. We are of the opinion that it was error to deny the relief prayed for, but hold the view that the cause should be remanded to the trial court for such decree as to disposition of the proceeds and other details of sale as existing facts may warrant.

Reversed and remanded.