In re HART'S ESTATE.

In Banc. May 9, 1949.

(40 So. (2d) 263)

Robert G. Gillespie, for appellant.

500

**Bozeman & Bozeman,** for appellee.

## Alexander, J.

Petition was filed by the trustee under the will for a construction thereof and for directions regarding the sale and reinvestment of certain securities. Under the third item of the will the following provision was made: "It is my will and desire that my beloved brother, Cyril Hart, of Jackson, Mississippi, be appointed trustee of any estate that I, or my estate may inherit from my beloved parents, Ben Hart and Ida Hart. The said Cyril Hart, as trustee, shall have the power in his discretion to convert into money such parts of the trust premises as shall not consist of money, and shall have the power, and I enjoin him, to invest all proceeds from such conversion, together with all other monies left me or my estate by my beloved parents, Ben Hart and Ida Hart, in improved real property, or to the best of his judgment. . . ." The said trustee having declined to act, another trustee was appointed by the court. The petition was filed by a successor to the last named trustee. There was filed as an exhibit to the petition a list of the investments held by the trustee, most of which are stocks listed upon the exchange and the income from which is approximately $3,000. There was testimony that these securities are of a high grade and are reasonably stable in value.

The chancellor found that the trust estate was satisfactory in the present situation, and that there was no circumstance indicating a necessity for the sale and reinvestment of such funds in municipal and other bonds. The beneficiary of the trust, who is the widow of Leonard Hart, testified that such reinvestment would result in a

disadvantageous reduction in her income and that her needs required it to be maintained at its present level.

We find intimations in the record that the trustee, in filing his petition, was influenced by an anxiety lest he be held personally liable for any losses which might occur in maintaining the investments in corporate stocks. Such anxiety was dispelled by the chancellor whose decree adjudicated that regardless of the discretion which may have been vested by the will in the testamentary trustee named therein, who was his brother and an experienced banker, such discretion did not pass to a successor appointed by the court; and he further decreed that the investments shown in the inventory of the trustee were satisfactory both as to safety and income and were not such investments as were forbidden by any statute of this state. It was further decreed that the trustee cause to be valued each item of these securities by a reputable banking firm every six months "so that the court may make such order from time to time as the court may deem proper, in the light of the value of said securities as will be reported from time to time as herein directed." It was further decreed that any balance in the corpus account of the trust estate shall be invested in real property, if practicable, or in federal, state, or other municipal bonds, and that the trustee pay to the widow all funds on hand in the income account except such as is necessary for administrative costs.

It is evident from the reading of the will that it was the purpose of the testator that his wife should receive as large an income as possible, consistent with safety. In this connection Mayes v. Mayes, 133 Miss. 213, 97 So. 548, 550, is in point. It was there stated: "Counsel for all of the parties agree that the power given to the testamentary trustee to sell the trust property and to reinvest the proceeds thereof was personal to him, and did not pass to his successor, which construction of the power will be accepted by us without expressing any opinion thereon.

■■ A court of equity will not order the sale of trust property and the reinvestment of its proceeds merely for the purpose of increasing the value of the trust estate, but will order such a sale and reinvestment when so to do is necessary in order to effectuate the purpose for which the trust was created or to prevent the loss or destruction of the trust estate.'' In this connection Reedy v. Johnson's Estate, 200 Miss. 205, 26 So. (2d) 685, and Yeates v. Box, 198 Miss. 602, 22 So. (2d) 411, are pertinent.

Affirmed.