SMITH COUNTY OIL CO. *v.* BOARD OF SUPERVISORS OF SIMPSON COUNTY.

(In Banc.   March 25, 1946.   Suggestion of Error Overruled May 13, 1946.)

[25 So. (2d) 457.   No. 36086.]

**T. J. Wills,** of Hattiesburg, and **Buchanan & Harper,** of Laurel, for appellant.

Greek L. Rice, Attorney General, by W. B. Fontaine, Assistant Attorney General, and R. C. Russell, of Magee, for appellee.

Greek L. Rice, Attorney General, by W. B. Fontaine, Assistant Attorney General, and R. C. Russell, of Magee, Jones & Ray, of Jackson, John T. Armstrong, of Hazlehurst, and Stevens & Calhoun, of Hattiesburg, for appellee, on suggestion of error.

Argued orally by **J. R. Buchanan** and **T. J. Wills**, for appellant, and by **W. B. Fontaine**, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Prior to January 1, 1944, the appellant Smith County Oil Company owned the oil, gas and other minerals under the 19,086 acres of land in Simpson County, the subject of this controversy, with full rights of ingress and egress for the discovery and recovery of said oil, gas and minerals. All other rights and estates in said land were, and still are, owned by the South Mississippi Land Company.

On April 15, 1944, the Smith County Oil Company leased to the Hunt Oil Company for said land all the said oil, gas and minerals, the principal provision of said lease being as follows:

"Lessor in consideration of ten dollars ($10.00) in hand paid, and of the royalties herein provided and of the agreement of the Lessee herein contained, hereby grants, leases and lets exclusively unto Lessee for the purpose of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, laying pipe lines, building roads, tanks, power stations, telephone lines and other structures thereon to produce, save, take

care of, treat, transport and own said products and housing its employees, the following described land in Simpson County, Mississippi, to wit:'' describing them.

The additional consideration by way of royalties was to be one eighth of the oil produced, giving the lessee the right to pay the said one eighth in money from time to time as the oil was produced.

It will thus be seen that the exclusive right to explore for and to take the oil and other minerals and the exclusive possession for that purpose was vested in the lessee. What was left to the lessor, the Smith County Oil Company, and all that was left, was either (1) the ownership of the entire interest in the oils and other minerals in place under the surface, or else (2) the ownership of an eighth interest therein, or else simply a royalty of an undivided one eighth when, but not until, discovered and raised to the surface. It is not necessary here to decide which of these three results was produced, for if either of the first two, then what the lessor had left was oils and minerals under the surface where it could not be inspected and after inspection estimated and appraised, indeed no man knows whether there are any oil or minerals under said land. If all that appellant had left was a royalty in the minerals when produced this does not become assessable ad valorem until produced and brought to rest upon the surface.

All this was decided in Gulf Refining Co. v. Stone, 197 Miss. 713, 21 So. (2d) 19, and we see no reason to add further to what was said there, except to call attention to the fact that we there also said that a mineral lease, such as we have here, is assessable ad valorem, but not including the oil and gas as a separate item of valuation; and that enough was also there said to indicate that the method by which to assess a lease such as is here presented, which gives the lessee the sole right to the surface use, is to assess the lease as an entirety to the owner thereof, instead of attempting to split it into fractional parts as was attempted here, and this without regard to

the question whether such a lease does or does not give to the lessee any present ownership in the minerals in place and which may or may not be under the surface. It is enough that the lessee has the exclusive right to the use of the surface as an adjunct to his mineral rights, and that the surface may be seen and the surface rights appraised; in addition to which the State will get its severance tax if and when oil is found and produced.

If the lessee does not obtain the exclusive surface rights, and the lessor retains in part such surface rights,—if there is or may be hereafter any such a lease,—a different and a more difficult question would be presented, which we will not approach until it is squarely before us.

It follows that the attempted assessment against appellant of "One-eighth interest in oil, gas and mineral rights," in said lands was without authority, and the trial court should have so held.

Reversed, and judgment here for appellant.

**Roberds, J.**, delivered a dissenting opinion.

Is a royalty interest in a mineral lease assessable for taxes? That is the question involved in this case. In Summers on Oil and Gas, Perm. Ed., p. 203, Sec. 783, it is said: "A separate mineral fee interest in oil and gas in place created by grant or exception, the interest created in the lessee by the ordinary oil and gas lease, the royalty interest reserved in the lessor in an oil and gas lease, a perpetual royalty interest in oil and gas created prior to lease for production, and an over-riding royalty interest created out of the interest of the oil and gas lessee are all property interests, real or personal, and subject to taxation. In a majority of the jurisdictions all of these interests, apart from the question of taxation, have been held to be real property. But whether in a particular jurisdiction such interests are taxable as real property in the county of the situs of the land or as personal property at the domicile of the owner, depends upon the

conclusion of the court in a particular jurisdiction as to the nature of the particular interest, the provisions of the tax statutes of the particular state, and their interpretation by the court as applied to the particular type of interest.''

In 51 Am. Jur., page 455, Sec. 439, it is said: ''Although there seems to be authority otherwise, a royalty interest reserved by a lessor under an oil and gas lease, in the absence of contradictory enactments, is usually held subject to a general ad valorem property tax, whether such interest remains the property of the lessor or has been transferred by him to another.''

An annotation in 128 A. L. R., page 851, discusses cases from the different states, which discussion reveals that the quoted rule prevails where there is no statute substituting another method of taxation for such ad valorem tax.

Mississippi has no statute substituting another method of taxation, but, on the other hand, it does have a statute expressly making such mineral interests taxable. Section 9770, Code 1942, provide that ''whenever any buildings, improvements or structures, mineral, gas, oil, timber or similar interests in real estate . . . are owned separately and apart from and independently of the rights and interests owned in the surface of such real estate, or when any person reserves any right or interest, or has any leasehold in the elements above enumerated, all of such interests shall be assessed and taxed separately from such surface rights and interests in said real estate, and shall be sold for taxes in the same manner and with the same effect as other interests in real estate are sold for taxes.'' That statute further makes it the duty of the owner of any such interest to make a return thereof to the tax assessor and place a value thereon.

If it be said that the difficulty in placing a value upon such royalty interests defeats the power to assess them for taxes, the reply to that in this case is that the Smith County Oil Company has sold and transferred to different

purchasers all the royalty interest which it reserved under the lease in question (although it makes no point as to that in this case); therefore, appellant and the various purchasers of separate interests in such royalty have themselves placed a value thereon. The statute makes it the duty of all of them to place a value upon their respective holdings for the benefit of the tax assessor. Having themselves placed a value thereon, can they successfully complain that the tax assessor does the same thing?

In my opinion, Gulf Refining Co. v. Stone, 197 Miss. 713, 21 So. (2d) 19, does not hold contrary to the view herein expressed. The Court was there dealing with a privilege or activity tax and it was not necessary to hold in that case that minerals in place are not taxable, but if necessary, such holding, in my judgment, was erroneous. Without prolonging the discussion I think, with great deference to my brethren, that the majority opinion erroneously and unnecessarily nullifies to a large extent Section 9770, Code 1942, and deprives the State and its subdivisions of an important source of revenue, which will likely result in many demands and much litigation to recover taxes which, under the holding in this case, have been illegally paid.

Alexander, J., joins in this dissent.

### On Suggestion of Error.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on suggestion of error.

What was attempted here was to back assess appellant's interest, it being the county's contention that appellant owned a one-eighth royalty interest which was subject to an ad valorem assessment, but which was not separately assessed for the two years in question. It is not disputed that the land itself was assessed by the

ordinary governmental subdivisions, and it is admitted that the mineral lease out of which this one-eigth interest grew, was assessed. Insasmuch as appellant's one-eighth interest was, according to appellee's contention, a part of the realty, it went with one or the other of the above-mentioned assessments as made, and therefore did not escape assessment, and not having escaped assessment it cannot be back assessed. This is the effect of our opinion in Stern v. Parker, 200 Miss. 27, 25 So. (2d) 787, and is sufficient to dispose of the suggestion of error, without further review of what was said in the original opinion in the instant case.

Suggestion of error overruled.