BAILEY v. FEDERAL LAND BANK OF NEW ORLEANS.

In Banc. April 25, 1949.

(40 So. (2d) 173)

Alexander & Alexander, for appellant.

358

363

364

Beverly C. Adams, and E. F. Steiner, for appellee.

**Hall, J.**

On January 1, 1946, appellee was the owner of undivided interests in oil, gas and mineral rights in and under certain lands in Madison County, Mississippi. These mineral interests were leased by appellee prior to said date under the usual ten year oil, gas and mineral lease whereby appellee, as lessor, received an initial cash consideration which is usually termed a bonus, and this kept the lease alive for a period of one year; the obligation of drilling by the lessee could be deferred and the lease kept in effect thereafter from year to year by the payment of an annual delay rental; in the event of the production under the lease the lessor was to receive as a royalty one-eighth of the oil, gas and other minerals produced and saved. The surface rights and also other undivided oil, gas and mineral interests were owned by other parties, and the said surface and other mineral interests were placed on the 1946 land assessment roll of the county as a flat assessment upon the land without excepting upon the assessment roll the lease or the separate interests owned by appellee; the lease was separately assessed to the lessee therein named. The appellee filed with the tax assessor of the county a list of the oil, gas and mineral rights which were separately owned by it. Thereafter there was rendered the decision of this court in Smith County Oil Co. v. Board of Sup'rs. of Simpson County, 200 Miss. 18, 25 So. (2d) 457, 26 So. (2d) 685, and upon the basis of that decision the appellee withdraw its assessment upon its undivided oil, gas and mineral interests under lease, and said interests were not assessed

to appellee and no taxes thereon were paid by it for the year 1946.

On May 14, 1948, the appellant gave written notice to the county tax assessor to enter a back-assessment against appellee for 1946 taxes on said separately owned mineral interests, and on the same date the tax assessor gave notice to appellee that such assessment had been made. At the June 1948 meeting of the Board of Supervisors of Madison County the appellee appeared and filed written objections to the assessment, and at the same meeting the Board entered an order sustaining the objections and disapproving the assessment and striking the same from the roll. From that order the State Tax Collector appealed to the Circuit Court where the cause was tried upon an agreed statement of facts. Following the holding in the Smith County Oil Co. case, supra, the Circuit Court held that since there was a valid assessment of the leasehold to the leaseholders, and of the lands to the surface owners, the, mineral interests of appellee were necessarily included in one or the other of said assessments and, therefore, did not escape assessment and were not subject to back-assessment, and, consequently, the back-assessment was disapproved and disallowed. From that action the State Tax Collector appeals.

From the foregoing statement of the case it will be seen that there is raised in this case exactly the same question which was decided by a divided court in the Smith County Oil Co. case, supra, and we are confronted with the question whether we shall follow that decision or overrule it. It was therein held that the owner of a separate mineral interest under lease, where the lease is assessed for ad valorem taxes, had either an interest in minerals under the surface which cannot be inspected and appraised for taxation or a royalty in the minerals when produced which does not become assessable for ad valorem taxes until produced and brought to rest upon the surface. This conclusion was drawn from some of the language used in the controlling opinion in Gulf

Refining Co. v. Stone, 197 Miss. 713, 21 So. (2d) 19, which was unnecessary for a decision of that case, and which was cleared to some extent in the opinion on the suggestion of error in Hendrix v. Foote, Miss., 38 So. (2d) 111, not yet reported in the state reports, wherein the Smith County Oil Company case was modified if not specifically overruled.

We do not herein disturb in any manner the conclusion which was reached in Gulf Refining Co. v. Stone, supra, but we are of the opinion that Smith County Oil Co. v. Simpson County, supra, was erroneously decided and should be overruled if not already overruled by Hendrix v. Foote, supra.

Section 9770 of the Mississippi Code of 1942 provides "Whenever any buildings, improvements or structures, mineral, gas, oil, timber or similar interests in real estate, including building permits or reservations, are owned separately and apart from and independently of the rights and interests owned in the surface of such real estate, or when any person reserves any right or interest, or has any leasehold in the elements above enumerated, all of such interests shall be assessed and taxed separately from such surface rights and interest in said real estate, and shall be sold for taxes in the same manner and with the same effect as other interests in real estate are sold for taxes. All interests in real estate herein enumerated shall be returned to the tax assessor within the same time and in the same manner as the owners of land are now required by law to list lands for assessment and taxation and under like penalties. . . . "

This statute was discussed at length in Hendrix v. Foote, supra, and we do not now elaborate further thereon except to note that under the plain provisions thereof every separately owned mineral interest in land is subject to separate assessment, and this includes the type of mineral interest owned by appellee in the case at bar, and, although under this statute the lease thereon is subject to separate assessment, this does

not relieve the separately owned mineral interest from liability to such assessment.

It is no longer subject to argument in this state that separately owned oil, gas and mineral rights constitute an interest in real estate, even though the same be under lease. Indeed that very right is the one thing that is chiefly the subject of barter and sale in the oil business in this state, and such rights have a market value. The fact that such value is not uniform throughout the state, and is based largely upon what the oil companies may believe to be the prospects of production after geophysical and geological exploration and tests, does not in anywise alter the fact that such rights do have a market value.

In 4 Summers Oil and Gas, Perm. Ed., sec. 783, it is said "A separate mineral fee interest in oil and gas in place created by grant or exception, the interest created in the lessee by the ordinary oil and gas lease, *the royalty interest reserved in the lessor in an oil and gas lease,* a perpetual royalty interest in oil and gas created prior to lease for production, and an overriding royalty interest created out of the interest of the oil and gas lessee *are all property interests, real or personal, and subject to taxation.* . . ." (Italics supplied).

And in 4 Summers Oil and Gas, Perm. Ed., § 797, it is said "In those jurisdictions where it is held that an oil and gas lessee's interest is taxable as real or personal property, assessments are made upon the value of that interest and not upon the entire mineral value of the land. Under the usual royalty clauses of oil and gas leases, one-eighth of the oil and gas, or the value thereof, is reserved to the lessor. *This is a property interest and is therefore taxable.* . . ." (Italics supplied).

It is worthy of note in determining the legislative intent in the adoption of said Section 9770 that within less than three weeks after the decision in the Smith County Oil Co. case the legislature adopted Chapter 409 of the Laws of 1946 and provided for the payment of a mineral

documentary tax upon the very type of mineral interest herein involved and further provided for exemption from ad valorem taxation of such mineral interests from and after January 1, 1947, conditioned upon payment of such mineral documentary tax, and the agreed statement of facts in this case shows that appellee paid that tax and secured its exemption from ad valorem taxation for 1947 and thereafter.

From the foregoing it is seen that not only under our statute but also under the general law as announced in Summers the royalty interest reserved in the lessor in an oil and gas lease is subject to ad valorem taxation, and it will be further noted that the interest of the lessee is not to be assessed upon the entire mineral value of the land but only upon the value of the leasehold interest.

It is contended by appellee that these views are not in accord with the holding in Stern v. Parker, 200 Miss. 27, 25 So. (2d) 787, 791, 27 So. (2d) 402. In that case it was held that the owner of a separate mineral interest is under duty to see that his interest is properly entered upon the assessment roll and assessed for ad valorem taxation and that if he is derelict in this duty and permits the land to sell to a third person for taxes upon an assessment of the whole property to the surface owner without any exception of a separately owned mineral interest, and further permits such a tax title to mature in the purchaser, he cannot afterward have his mineral interest back-assessed and save it from the consequences of the tax sale. The court in that case did not hold that the owner of a separate mineral interest cannot be back-assessed when he has failed to list his interest for assessment and when the entire estate is assessed to the surface owner. What the court did hold was that the owner of the separate mineral interest cannot avoid his duty to see that his mineral interest is assessed and take chances on the surface owner paying taxes on the whole, and then claim as a matter of right

that the mineral interest should be back-assessed and takes out the tax sale "after it had been sold for defaulted taxes." Stern v. Parker was correctly decided and is not departed from in this opinion.

Upon the views above expressed Smith County Oil Co. v. Board of Sup'rs of Simpson County, supra, is hereby specifically overruled.

██ ██ Appellee contends that the decision in the Smith County Oil Co. case constituted a rule of property upon which it relied in withdrawing its 1946 assessment upon its separately owned mineral rights under lease, and that for this reason our decision should not be made retroactive if that case is overruled. The rule invoked by appellee has full application in cases where the obligation of contracts entered into in reliance upon the earlier decision would be impaired and in cases where vested rights acquired in reliance upon such decision would be injuriously affected, but it is also the well settled rule that in other cases courts of final decision may expressly define and declare the effect of a decision overruling a former decision as to whether or nor it shall be retroactive, or operate prospectively only. 21 C.J.S., Courts, § 194, p. 327. ██ ██ A majority of the court is of the opinion that this decision should be made retroactive to the extent of appellee's liability for taxes, interest and costs, but not as to penalty, the liability for penalty being denied for the reason that it is here shown that appellee, in withdrawing its 1946 assessment on separately owned mineral rights under lease, acted in good faith and in full reliance upon the Smith County Oil Company case.

Accordingly the judgment of the lower court is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

**Alexander, J.,** took no part in the consideration or decision of this case.

**Smith, J.** (dissenting in part).

I concur in the result reached in the controlling opinion, but respectfully dissent from overruling Smith County Oil Co. v. Board of Sup'rs of Simpson County, 200 Miss. 18, 25 So. (2d) 457, 26 So. (2d) 685. I think that we went as far as we should go in the opinion of the Suggestion of Error in Hendrix v. Foote, Miss., 38 So. (2d) 111.