PATTERSON, Justice.
This is an appeal from a decree of the Chancery Court of Wayne County which cancelled defendants’ claim to certain mineral interests in that County. The defendants appeal here and assign as error the action of the lower court in granting the relief prayed by the complainants and in can-celling the right, title, and interest of appellants to the subject minerals.
The appellees’ title to the minerals in question originated by virtue of a tax sale on September 18, 1944, and a tax deed pursuant thereto dated October 3, 1947. The appellants contend that the tax sale was a nullity as the minerals were not separately assessed and that the complainants below, appellees here, derived no title therefrom, and that the land, of which the minerals are a part, was assessed to Mrs. G. E. Ellis without exception or limitation thereon for the year in which the property was sold for taxes, and that these taxes were paid and any sale thereafter for the collection of delinquent taxes was void in view of this payment. All witnesses who could have testified to the facts appertaining to the assessment and sale are now deceased. The appropriate tax records, supervisors’ minutes, pleading, court decrees, and leases of the defendants constitute the record.
The record reflects that in 1932 one E. B. Blair conveyed to J. O. Fleming the surface to certain lands, reserving to himself an undivided one-half interest in the subject oil, gas, and mineral rights (the minerals in question). It is alleged that said undivided one-half interest was duly placed upon the assessment roll for the year 1943 and was duly and legally assessed for said taxes for such year, the assessment being to the said E. B. Blair, and that the tax lien attached January 1, 1943. It is further alleged that the minerals were subject to sale the following year for the satisfaction of the tax lien as the taxes were not paid, and that G. E. Ellis became the purchaser of the undivided one-half mineral interest at the tax sale on September 18, 1944. On October 3, 1947, the period of redemption having expired, the Chancery Clerk of Wayne County delivered to the said G. E. Ellis, complainants’ source of title, a tax deed pursuant to the 1943 tax sale. The complainants contend that all things necessary to the validity of the tax sale were accomplished.
The appellants deny the essential allegations of the bill of complaint and aver that the tax sale was null and void, specifically averring that the alleged assessment of the minerals for tax purposes was void and that all taxes legally due and legally assessed against said property had been fully paid. The defendants aver that the separate assessment of the undivided one-half mineral interest, the subject of this suit, for the year 1942-1943 was an endeavor by some wholly unauthorized person or persons to separately assess the minerals without attempting to follow any of the statutes relating to changes in tax assessment and that it was an obvious addition to the tax roll and as such was a nullity, and, as mentioned, they plead payment of the taxes for the years 1942 and 1943 as a complete bar to the bill of complaint. During the course of the trial, by stipulation, tax receipts to the *885 described land, without severance of minerals, were introduced.
It appears from the record that the separate mineral assessment for the years 1942 and 1943 was entered on the land assessment roll in handwriting, whereas the other entries on that page were typewritten. In addition thereto, the totals of the properties assessed as contained at the bottom of that page reflect that this assessed value was not added in computing the totals.
The question arising therefrom is whether these two factors, without more, render invalid the tax assessment and constitute proof that the assessments were invalid as made by an unauthorized person, sufficient to overcome the presumption of validity imputed to a tax conveyance by law.
Mississippi Code 1942 Annotated section 1739 (1956) provides:
A conveyance made by a tax-collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be prima facie evidence that the assessment and sale of the land were legal and valid.
The questioned assessments were made in 1942 and 1943, twenty-four or more years ago, and there now remains no witness to testify thereas to. While true that the minutes of the board of supervisors do not reflect in detail their actions in considering and equalizing the tax roll, yet there is a general order approving it. These details of change or correction are not necessary to the validity of a tax assessment roll. Miss. Code 1942 Ann. § 9769 (1952), and Yazoo Delta Investment Co. v. Suddoth, 70 Miss. 416, 12 So. 246 (1893). It is our opinion that the prima facie presumption of validity created by Section 1739 was not overcome by the introduction of the tax assessment roll which shows that an addition to the roll had been written in longhand by some person. The possibility that this was done by an unauthorized person is apparent. The probability that the entry was made by an authorized person is just as apparent as the former possibility. Under these circumstances we think that the stability of titles requires our upholding the presumption of legality as it is our belief this was the intention of the legislature by the enactment of such statute. The appellants contend, however, that the burden of proof was on the appellees, as complainants, to prove not only a valid assessment of the land for taxes, but that the taxes for which the minerals were offered for sale had not in fact been paid and that this would require proof in addition to the introduction of the tax sale and the tax deed. In support of this contention they cite Walker v. Polk, 208 Miss. 389, 44 So.2d 477 (1950), wherein this Court stated that the burden of proof of a valid assessment and nonpayment of taxes was upon the complainant seeking to have a tax title quieted and confirmed. The Court indicated, however, that the same might be proved by a tax deed, but ultimately held from testimony of a witness that the taxes were paid, such holding being based upon the sufficiency of the evidence to overcome the presumption of validity raised by the tax conveyance. Here there is no evidence other than the record and as such Walker is distinguished from this case and is not authority for appellants’ contention in regard thereto. In fact, the special concurring opinion in Walker emphasizes the Court’s position that the presumption of validity arising from a tax conveyance was in no wise diminished by that opinion. The language used is as follows: “The solution of this dilemma as an issue of fact may be justified. My chief concern, however, is only to preserve the efficacy of a tax deed to shift a substantial burden of proof on the shoulders of a former owner.” 208 Miss, at 411, 44 So.2d at 486. We conclude that appellants’ contention in this regard is not well taken.
The next question relates to the payment of taxes. The receipts of the defendants reflect the payment of taxes upon the land for the years 1942 and 1943. The description of the land on the assessment roll is *886 without exception or reservation to the minerals. The appellants maintain that the payment of taxes consequent to the surface assessment included the mineral interest, there being no exception to the surface description, and constituted a double assessment. They contend the double assessment nullifies the tax sale and that the appellees obtained no title thereby.
Mississippi Code 1942 Annotated section 9770 (1952), and the case of Hendrix v. Foote, 36 So.2d 145 (Miss.1948), sugg. of error sustained, 205 Miss. 1, 38 So.2d 111 (1948), are authority for the separate assessment of minerals. The question arising from the present situation is: Are separately assessed minerals subject to a double assessment by the payment of taxes upon the surface of the land? This question was raised in Bailey v. Federal Land Bank of New Orleans, 206 Miss. 354, 40 So.2d 173 (1949), and Bailey, State Tax Collector v. Federal Land Bank of New Orleans, 207 Miss. 764, 43 So.2d 375 (1949), with regard to the back assessment of taxes upon separately assessed mineral interests, but upon which the taxes were alleged to have been paid by the surface description which was without exception or reservation. We there held that the surface payment would not preclude a back assessment of taxes, thus clearly indicating that the same was not a double assessment. These cases are analogous to this situation and it is our opinion that the purpose of the separate assessment was to avoid duplicity in payment and was designed to give the owner of separately assessed minerals the assurance that failure of payment by the surface owner would not result in his loss of the minerals by tax sale. The payment by the surface owner might be more appropriately deemed an overpayment of surface taxes for which the taxpayer might be reimbursed upon timely request therefor.
We hold that the separate assessment creates a distinct taxable interest and that the payment of land taxes is not a double assessment or payment of the other. We conclude that the decree of the lower court should be affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, SMITH, and ROBERTSON, JJ„ concur.